1  JEFFER MANGELS BUTLER & MITCHELL LLP
   R. SCOTT BRINK (Bar No. 138644)
2  *rsb@jmbm.com*
   JAMES NEUDECKER (Bar No. 221657)
3  *jneudecker@jmbm.com*
   TAYLOR N. BURRAS (Bar No. 279744)
4  *tburras@jmbm.com*
   1900 Avenue of the Stars, 7th Floor
5  Los Angeles, California 90067-4308
   Telephone:    (310) 203-8080
6  Facsimile:    (310) 203-0567

7  Attorneys for Defendants Sierra Mountain
   Express, Inc. and William E. Scanlon
8

9              UNITED STATES DISTRICT COURT

10       EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

11

12 | SIGIFREDO PEREZ JR., individually and on | Case No.
   | behalf of all others similarly situated and on |
13 | behalf of the general public, | [Sacramento Superior Court Case No. 34-2020-00279284]
14 |          Plaintiff, |
15 |     v. | WILLIAM E. SCANLON'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. 1331, 1441 & 1446 [Federal Question]
16 | SIERRA MOUNTAIN EXPRESS, INC., a |
   | limited liability company, WILLIAM E. |
17 | SCANLON, and DOES 1 through 10, |
   | inclusive, |
18 | | [State Court Complaint Filed: May 21, 2020]
   |          Defendants. |
19

20

21

22

23

24

25

26

27

28

68361651v3

JMBM | Jeffer Mangels Butler & Mitchell LLP

1    TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR

2    THE EASTERN DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR

3    ATTORNEYS OF RECORD:

4    PLEASE TAKE NOTICE that Defendant WILLIAM E. SCANLON hereby files this

5    Notice of Removal of the instant action that is now pending in the Superior Court of the State of

6    California in and for the County of Sacramento, Case No. 34-2020-00279284, to the United States

7    District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1331, 1441(c), and

8    1446.

9    **I.    STATEMENT OF JURISDICTION**

10    1.    Removal jurisdiction exists because this Court has original jurisdiction over "all

11    civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §

12    1331.  Where state law claims, such as those asserted in this action, are completely preempted,

13    removal to federal court is proper. *Beneficial Natl. Bank v. Anderson*, 539 U.S. 1, 7-8 (2003).

14    **II.    VENUE**

15    2.    Venue is proper in the United States District Court for the Eastern District of

16    California because Plaintiff filed his action in the Superior Court of the State of California, County

17    of Sacramento, which is located within this District. 28 U.S.C. § 1446(a); *see also* 28 U.S.C. §

18    84(b).

19    **III.    CLAIMS AND PROCEDURAL HISTORY**

20    3.    On May 21, 2020, Plaintiff  Sigifredo Perez ("Plaintiff"), individually and on behalf

21    of all persons similarly situated, filed a Class Action Complaint in the Superior Court of

22    California, County of Sacramento, Case No. 34-2020-00279284 (the "Complaint"), naming Sierra

23    Mountain Express ("SME") as the sole Defendant. True and correct copies of the Summons and

24    Complaint in this case are attached hereto as **Exhibit A**.

25    4.    On September 2, 2020 Plaintiff filed a First Amended Class Action Complaint (the

26    "FAC"), adding William E. Scanlon ("Scanlon") as a Defendant. A true and correct cope of the

27    First Amended Complaint is attached hereto as **Exhibit B**.

28    5.    In the FAC, Plaintiff asserts the following causes of action against SME and

JMBM  Jeffer Mangels
Butler & Mitchell LLP

1  Scanlon (collectively, "Defendants"): 1) Failure to Pay Minimum Wages; 2) Failure to Provide

2  Meal Periods; 3) Failure to Permit Paid Rest Breaks; 4) Failure to Pay All Wages to Piece-Rate

3  Workers for Time Spent in Rest Breaks; 5) Failure to Pay Wages Upon Separation of

4  Employment; 6) Failure to Pay Wages Within the Required Time; 7) Failure to Provide Accurate

5  Itemized Wage Statements; 8) Failure to Reimburse Necessary Business Expenses; 9) Failure to

6  Refrain from Unlawful Deductions; 10) Violation of California Business and Professions Code §§

7  17200, *et seq.*; and 11) Enforcement of Labor Code § 2698 *et seq.*

8       6.     Defendants deny any liability whatsoever under any theory and in any amount, and

9  further believe the allegations of this lawsuit are demonstrably false.  Solely for purposes of the

10  removal notice, Defendants rely on the allegations of the FAC to satisfy the requirements of

11  removal under 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

12       7.     Scanlon has not yet been served with a Summons and/or with the FAC in the State

13  Court Action.  As such, this Notice of Removal is timely filed because the thirty (30) day timeline

14  within which Scanlon may file this Notice of Removal has not yet commenced.  *See* 28 U.S.C. §

15  1446(b); *see Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-348.

16       8.     Pursuant to 28 U.S.C. § 1446(b)(2)(C), Defendant SME joins in and consents to the

17  removal and has filed an express Consent to and Joinder in Removal concurrently herewith.

18       9.     On October 6, 2020, Defendants filed an Answer to the FAC in the State Court

19  Action, including a general denial and affirmative defenses.  A true and correct copy of

20  Defendants' Answer is attached hereto as **Exhibit C**.[1]

21       10.     Defendants will give written notice of the filing of this Notice of Removal as

22  required by 28 U.S.C. § 1446(d).  A copy of this notice of removal will also be filed with the clerk

23  of the Superior Court of the State of California for the County of Sacramento.

24       11.     The Summons and Class Action Complaint (Exhibit A), First Amended Complaint

25  (Exhibit B), SME's Answer (Exhibit C), along with the additional documents attached as **Exhibit**

26  **D** (Notice of Case Management Conference and Complex Case Management Procedures,

27

28  [1] As of the time of filing this Notice of Removal, Defendants have not yet received the conformed copy of Defendants' Answer back from the State Court.

JMBM | Jeffer Mangels Butler & Mitchell LLP

1   Alternative Dispute Resolution Information Package, Notice and Order of Complex Case

2   Determination, Civil Case Cover Sheet, Declaration of Demurring or Moving Party in Support of

3   Automatic Extension), constitute all pleadings, process and orders served upon and/or received by

4   Defendant SME and/or Defendants' counsel and are attached hereto in accordance with 28 U.S.C.

5   § 1446(a).

6       **IV.**     **FEDERAL QUESTION JURISDICTION**

7       12.     Defendant Scanlon is the President and Chief Executive Officer of SME, which is a

8   federally-regulated authorized motor carrier engaged in the business of arranging for the transport

9   of new automobiles on behalf of various auto manufacturers.

10      13.     The new automobiles are transported by independently contracted drivers operating

11  large tractor trailers between various terminals, auto dealerships, and/or ports located throughout

12  California and outside of California.

13      14.     At all relevant times, Plaintiff was one such owner/operator of a truck who

14  provided auto transport services to Defendant SME pursuant to an Independent Contractor

15  Equipment Lease Agreement.

16      15.     Defendant SME is a licensed motor property carrier, holding United States

17  Department of Transportation License No. 365516, bringing it and the drivers operating under its

18  licensing authority within the regulatory ambit of the Motor Carrier Safety Act of 1984 and the

19  Federal Motor Carrier Safety Regulations (i.e., 49 C.F.R. Parts 350-399).

20      16.     This Court has original jurisdiction under 28 U.S.C. § 1331, and this case may be

21  removed pursuant to the provisions of 28 U.S.C. § 1441(c), in that it is a civil action that presents

22  a federal question.

23      17.     This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331

24  because the causes of action alleged by Plaintiff in the FAC arise directly under federal law, i.e.,

25  the Motor Carrier Safety Act of 1984 and Federal Motor Carrier Safety Regulations, or are

26  transactionally-related to the federal claims in that they all relate to the circumstances surrounding

27  and arising out of Plaintiff's driving services for SME.

28      18.     Removal jurisdiction based upon a federal question exists when a federal question

1  is presented on the face of a plaintiff's complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386,

2  392 (1987).  An exception to the well-pleaded complaint rule exists where a federal statute wholly

3  displaces one or more state law causes of action through complete preemption. *Aetna Health Inc.*

4  *v. Davila*, 542 U.S. 200, 207-08 (2004). Under this doctrine, although Plaintiff's FAC purports to

5  assert only state-law causes of action, since three of those causes of actions are entirely

6  encompassed by the Federal Motor Carrier Safety Regulations, Hours of Service of Drivers, 49

7  C.F.R. §§ 395.1-395.38 ("FMCSA's HOS Regulations"), the FAC is converted from a state law

8  complaint into a federal claim for purposes of the well-pleaded complaint rule.

9      19.    Plaintiff's second and third causes of action allege that Defendants failed to provide

10  Plaintiff and those similarly situated with meal periods and rest breaks in accordance with

11  California Labor code §§ 226.7 and 512. Plaintiff's fourth cause of action alleges that Defendants

12  failed to pay all wages for time spent in rest breaks separate from any piece-rate compensation in

13  accordance with California Labor Code § 226.2.

14      20.    The Motor Carrier Safety Act of 1984 contains an express preemption clause that

15  preempts State laws on commercial motor vehicle safety which states: "A State may not enforce a

16  State law or regulation on commercial motor vehicle safety that the Secretary of Transportation

17  decides under this section may not be enforced." 49 U.S.C. § 31141(a).  Moreover, the Secretary

18  of Transportation has the authority to preempt State laws and regulations on commercial motor

19  vehicle safety that are additional to or more stringent than Federal regulations if they have no

20  added safety benefit; are incompatible with Federal regulations; or would cause an unreasonable

21  burden on interstate commerce. 49 U.S.C. § 31141(c).

22      21.    On December 21, 2018, the Federal Motor Carrier Safety Administration

23  ("FMCSA" or the "Agency") granted the petition submitted by the American Transportation

24  Association ("ATA") requesting a determination that the State of California's Meal and Rest Break

25  rules are preempted under 49 U.S.C § 31141(c) as applied to commercial motor vehicle drivers

26  subject to FMCSA's HOS Regulations.  83 Fed. Reg. 67470 (Dec. 28, 2018).

27      22.    In granting the petition, the FMCSA determined that California's meal and rest

28  break laws offer no safety benefit beyond the Federal regulations governing driver-time limits,

fatigue and coercion. The Agency also determined that enforcement of the meal and rest break laws results in increased operational burdens and costs. Accordingly, the Agency concluded that California's meal and rest break rules are expressly preempted by FMCSA's HOS Regulations pursuant to 49 U.S.C § 31141 and may no longer be enforced with respect to drivers of property-carrying commercial motor vehicles subject to FMCSA's HOS Regulations.[2]

23.    Plaintiff and putative class members, as drivers of property-carrying commercial motor vehicles, are subject to FMCSA's HOS Regulations. Pursuant to the FMCSA's December 2018 ruling, Plaintiff's claims are therefore preempted under 49 U.S.C. § 31141.

24.    Although set forth as state-law causes of action, the FAC, in fact, attempts to adjudicate rights and protections that are substantively claims under the Federal Motor Carrier Safety Regulations. Accordingly, because Plaintiff's meal and rest break claims under his second and third causes of action attempt to adjudicate rights that arise under federal law, this Court has federal question jurisdiction over these claims, which are inherently federal in nature.  Plaintiff's fourth cause of action for failure to pay all wages for time spent in rest breaks separate from any piece-rate compensation is derivative of his rest break claim and is therefore also necessarily predicated on claims under the Federal Motor Carrier Safety Regulations and therefore preempted by 49 U.S.C. § 31141.

**V.      SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. § 1367(a)**

25.    Supplemental jurisdiction in federal question cases extends to claims that are sufficiently related to the federal claims to be part of the "same case or controversy." 28 U.S.C. § 1367(a).  As long as such relationship exists, the district court may adjudicate state law claims asserted by plaintiff without any other basis for federal jurisdiction.  *See Danner v. Himmelfarb* (9th Cir. 1988) 858 F.2d 515, 522.  In other words, so long as the Court deems that one of Plaintiff's causes of action presents a federal question, the Court shall have supplemental jurisdiction over the remaining causes of action "which arise out of the same core of operative

---

[2] The FMCSA has also since determined that California's meal and rest break rules are preempted under 49 U.S.C. § 31141 with respect to drivers of passenger-carrying commercial motor vehicles subject to FMCSA's HOS Regulations.  85 Fed. Reg. 3469 (Jan. 21, 2020).

facts that form the basis of the action over which the federal court already has jurisdiction." *Id.*; *see* 28 U.S.C. § 1367(a).

26.     Here, all eleven of Plaintiff's causes of action are premised on the same nucleus of operative facts. That is, all of Plaintiff's causes of actions pertain and relate to the circumstances surrounding and arising out of Plaintiff's contracted driving services for SME. Accordingly, the District Court has the power to exercise supplemental jurisdiction. *See Kohler v. Inter-Tel Technologies* (9th. Cir. 2001) 244 F.3d 1167, 1170.

**VI.    CONCLUSION**

WHEREFORE, Plaintiff's FAC is removable to this Court pursuant to 28 U.S.C. § 1331 and Defendant Scanlon hereby, jointly and with the consent of Defendant SME, removes this action from the Superior Court of the State of California, County of Sacramento, to the United States District Court for the Eastern District of California and respectfully request this Court to proceed with this matter as if it had been originally filed herein.

DATED:  October 6, 2020          JEFFER MANGELS BUTLER & MITCHELL LLP
                                 R. SCOTT BRINK
                                 JAMES NEUDECKER
                                 TAYLOR N. BURRAS


                                 By: _____
                                          JAMES NEUDECKER
                                     Attorneys for Defendant Sierra Mountain Express,
                                     Inc. and William E. Scanlon

EXHIBIT
"A"

SUM-100

## SUMMONS
### *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*



**FILED/ENDORSED**

MAY 2 1 2020

By: _____ R. Gomez
**Deputy Clerk**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SIERRA MOUNTAIN EXPRESS, INC., a limited liability company, and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SIGIFREDO PEREZ JR., individually and on behalf of all others similarly situated and on behalf of the general public,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court for the State of California, County of Sacramento
720 Ninth Street, Sacramento, CA 95814

**CASE NUMBER:**
*(Número del Caso):*
34-2020-00279284

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jessica L. Campbell, AEGIS LAW FIRM, PC, 9811 Irvine Ctr Drive, #100, Irvine, CA 92618, 949-379-6250

DATE: **MAY 2 1 2020**        Clerk, by        R. GOMEZ        , Deputy
*(Fecha)*                     *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* SIERRA MOUNTAIN EXPRESS, INC., a limited liability company

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* LLC
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

BY FAX

1  **AEGIS LAW FIRM, PC**
   Samuel A. Wong (State Bar No. 217104)
2  Kashif Haque (State Bar No. 218672)
   Jessica L. Campbell (State Bar No. 280626)
3  9811 Irvine Center Drive, Suite 100
   Irvine, California 92618
4  Telephone: (949) 379-6250
   Facsimile:  (949) 379-6251
5  Email: Jcampbell@aegislawfirm.com

6
   Attorneys for Plaintiff Sigifredo Perez Jr. individually,
7  and on behalf of others similarly situated

```
FILED/ENDORSED

   MAY 2 1 2020

By:_____R. Gomez_____
           Deputy Clerk
```

8

9

10                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                               **COUNTY OF SACRAMENTO**

12

13  SIGIFREDO PEREZ JR., individually and    Case No. **34 - 2020 - 00279284**
    on behalf of all others similarly situated
14  and on behalf of the general public,        **CLASS ACTION COMPLAINT FOR:**

15          Plaintiff,
                                v.                 1. Failure to Pay Minimum Wages;
16                                                 2. Failure to Pay Overtime Wages;
    SIERRA MOUNTAIN EXPRESS, INC., a             3. Failure to Provide Meal Periods;
17  limited liability company, and DOES 1        4. Failure to Permit Paid Rest Breaks;
    through 10, inclusive,                        5. Failure to Pay All Wages to Piece-Rate
18                                                    Workers for Time Spent in Rest Breaks
            Defendants.                           6. Failure to Pay Wages Upon Separation of
19                                                    Employment
20                                                 7. Failure to Pay Wages Within the Required
                                                      Time;
21                                                 8. Failure to Provide Accurate Itemized Wage
                                                      Statements;
22                                                 9. Failure to Reimburse Necessary Business
                                                      Expenses;
23                                                10. Failure to Refrain From Unlawful
24                                                    Deductions;
                                                  11. Violation of California Business; and
25                                                    Professions Code §§ 17200, *et seq.*
26                                                 **DEMAND FOR JURY TRIAL**
27

28

**BY FAX**

---
                           **CLASS ACTION COMPLAINT**

Plaintiff Sigifredo Perez Jr., individually and on behalf of all others similarly situated, allege as follows:

**NATURE OF ACTION AND INTRODUCTORY STATEMENT**

1.      Plaintiff Sigifredo Perez Jr. ("Plaintiff") brings this putative class action against Sierra Mountain Express, Inc. and Does 1 through 10, inclusive (collectively "Defendants") on behalf of himself individually and on behalf of a class of Defendants' non-exempt employees who were misclassified as independent contractors.

2.      Defendants are in the business of providing transportation of cars throughout California.

3.      Through this action, Plaintiff is alleging that Defendants have engaged in a systematic pattern of wage and hour violations under the California Labor Code ("Labor Code"), all of which contribute to Defendants' deliberate unfair competition.

4.      Plaintiff is informed and believes, and thereon alleges, during the relevant time period, Defendants had a consistent policy of violating state wage and hour laws by, among other things:

   (a)    Misclassifying Plaintiff and drivers as independent contractors;

   (b)    Failing to pay all wages for all hours worked, including minimum and overtime wages;

   (c)    Failing to authorize or permit rest breaks or provide compensation in lieu thereof;

   (d)    Failing to provide meal periods or compensation in lieu thereof;

   (e)    Failing to pay wages to piece-rate workers for time spent in rest breaks and/or recovery periods;

   (f)    Willfully failing to provide accurate semi-monthly itemized wage statements;

   (g)    Failing to pay all wages due upon separation of employment;

   (h)    Failing to reimburse all business expenses incurred by class members in direct consequence of the discharge of his or her duties; and

1

**CLASS ACTION COMPLAINT**

(i)    Unlawfully deducting items from class members' pay or requiring forced patronage.

5.    Plaintiff brings this lawsuit seeking monetary relief against Defendants on behalf of himself and all others similarly to recover, among other things, unpaid wages and benefits, interest, attorney's fees, costs and expenses and penalties pursuant to Labor Code §§ 201-204, 210, 221, 226, 226.2, 226.7, 450, 510, 512, 1182.12, 1194, 1194.2, 1197, 1198, 2750.3, 2800, and 2802.

6.    Plaintiff, on behalf of himself and all class members, pursuant to Business and Professions Code sections 17200, *et seq*, also seek injunctive relief and restitution for the unfair, unlawful, or fraudulent practices alleged in this Complaint

## JURISDICTION AND VENUE

7.    The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

8.    This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all cases except those given by statutes to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

9.    This Court has jurisdiction over all Defendants because, upon information and belief, Defendants have sufficient minimum contacts in California or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

10.    Venue is proper in this Court because, upon information and belief, Defendants transact business or have at least one facility in this county, or acts and omissions alleged herein took place in this county.

## THE PARTIES

11.    Plaintiff Sigifredo Perez Jr. is a citizen of California. Plaintiff was employed by Defendants during the Class Period in California.

12.    Defendants were and are, upon information and belief, a corporation doing business throughout the State of California, and at all times hereinafter mentioned, an employer as defined in

2

**CLASS ACTION COMPLAINT**

1  and subject to the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders,

2  whose employees are and were engaged throughout this county and the State of California.

3    13.    The true names and capacities, whether individual, corporate, associate, or otherwise,

4  of the Defendants sued herein as Does 1 to 10, inclusive, are currently unknown to Plaintiff, who

5  therefore sues said Defendants by such fictitious names under California Code of Civil Procedure

6  § 474.  Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants

7  designated herein as a Doe is legally responsible in some manner for the unlawful acts referred to

8  herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and

9  capacities of the Defendants designated hereinafter as DOES when such identities become known.

10    14.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant

11  acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint

12  scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendants are

13  legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the

14  employers and/or joint employers of Plaintiff and the class members.

**CLASS ACTION ALLEGATIONS**

15

16    15.    Plaintiff brings this action under Code of Civil Procedure § 382 on behalf of himself

17  and all other members of the general public similarly situated who were affected by Defendants'

18  Labor Code, Business and Professions Code §§ 17200 and IWC Wage Order violations.

19    16.    All claims alleged herein arise under California law for which Plaintiff seeks relief

20  authorized by California law.

21    17.    Plaintiff's proposed Class consists of and is defined as follows:

22      Class

23      All California citizens who performed work for Defendants in the State of

24      California as drivers, who were misclassified as independent contractors

25      from April 6, 2016[1] to the date of class certification.

26

27  _____

28  [1] The statute of limitations for this matter was tolled pursuant to Cal. Rules of Court, Appendix I, Emergency Rule No. 9.

**CLASS ACTION COMPLAINT**

18.     Plaintiff also seeks to certify the following Subclass:

<u>Waiting Time Subclass</u>

All members of the Class who separated their working relationship from Defendants from April 6, 2017 to the date the Subclass is certified.

19.     Members of the Class and Subclass described above will collectively be referred to as "class members." Plaintiff reserves the right to establish other or additional subclasses, or modify any Class or Subclass definition, as appropriate based on investigation, discovery and specific theories of liability.

20.     This action has been brought and may properly be maintained as a class action under the California Code of Civil Procedure § 382 because there are common questions of law and fact as to the Class that predominate over questions affecting only individual members including, but not limited to:

a.     Whether Defendants misclassified Plaintiff and class members as independent contractors rather than non-exempt employees;

b.     Whether Defendants failed to pay at least minimum wage for all hours worked by Plaintiff and class members;

c.     Whether Defendants failed to pay overtime wages earned by Plaintiff and class members;

d.     Whether Defendants failed to provide Plaintiff and class members with meal periods;

e.     Whether Defendants deprived Plaintiff and class members of paid rest breaks or required Plaintiff and class members to work through rest breaks without compensation;

f.     Whether Defendants failed to pay all wages to Plaintiff and class members for time spent in rest breaks;

g.     Whether Defendants failed to timely pay Plaintiff and class members all earned wages during their employment;

4

**CLASS ACTION COMPLAINT**

h.    Whether Defendants failed to timely pay Plaintiff and former class members all wages due upon termination or within 72 hours of resignation;

i.    Whether Defendants failed to furnish Plaintiff and class members with accurate itemized wage statements;

j.    Whether Defendants required Plaintiff and class members to use their personal funds for business expenses and then failed to adequately reimburse them;

k.    Whether Defendants made unlawful deductions from Plaintiff's and class members' pay;

l.    Whether Defendants' conduct was willful or reckless; and

m.    Whether Defendants engaged in unfair business practices in violation of Business & Professions Code §§ 17200, *et seq.*

21.    There is a well-defined community of interest in the litigation and the Class is readily ascertainable.

(a)    <u>Numerosity</u>:  The members of the Class are so numerous that joinder of all members is impractical. Although the members of the Class are unknown to Plaintiff at this time, on information and belief, the Class is estimated to be greater than 100 individuals. The identity of the class members are readily ascertainable by inspection of Defendants' employment and payroll records.

(b)    <u>Typicality</u>:  The claims (or defenses, if any) of Plaintiff are typical of the claims (or defenses, if any) of the Class because Defendants' failure to comply with the provisions of California wage and hour laws entitled each class member to similar pay, benefits and other relief. The injuries sustained by Plaintiff is also typical of the injuries sustained by the Class because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

(c)    <u>Adequacy</u>: Plaintiff is qualified to, and will fairly and adequately represent and protect the interests of all members of the Class because it is in their best interest to prosecute the claims alleged herein to obtain full compensation and

**CLASS ACTION COMPLAINT**

penalties due him and the Class. Plaintiff's attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and are versed in the rules governing class action discovery, certification and settlement. Plaintiff has incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d) <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for each Class. If appropriate this Court can, and is empowered to, fashion methods to efficiently manage this case as a class and/or collective action.

(e) <u>Public Policy Considerations</u>: Employers in the State of California and other states violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as affording them privacy protections.

## GENERAL ALLEGATIONS

22. Plaintiff performed services for Defendants in California during the relevant time period. During the relevant time period, Plaintiff was classified by Defendants as an independent contractor.

**CLASS ACTION COMPLAINT**

23.   Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants were advised by skilled lawyers, employees and other professionals who were knowledgeable about California wage and hour law, employment and personnel practices and the requirements of California.

24.   Through this action, Plaintiff alleges that Defendants have engaged in a systematic pattern of wage and hour violations under the California Labor Code and IWC Wage Orders, all of which contribute to Defendants' deliberate unfair competition.

25.   Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive wages for all time worked (including minimum and overtime wages) and that they were not receiving all wages earned for work that was required to be performed.  In violation of the Labor Code and IWC Wage Orders, Plaintiff and class members were not paid wages (including minimum and overtime wages) for all hours worked when Defendants failed to pay or underpaid Plaintiff and class members for all hours worked, and failed to pay for time spent in rest breaks, among other things.

26.   Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay when a rest break was missed, and were entitled to payment of wages for time spent when rest breaks were taken.  In violation of the Labor Code and IWC Wage Orders, Plaintiff and class members did not receive paid rest breaks or payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay when a rest break was missed.

27.   Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive all meal periods or payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay when they did not receive a timely, uninterrupted meal period.  In violation of the Labor Code and IWC Wage Orders, Plaintiff and class members did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's and class members' regular rate of pay when they did not receive a timely, uninterrupted meal period.

7

CLASS ACTION COMPLAINT

28. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known they had a duty to separately compensate Plaintiff and class members who were piece-rate workers for time spent during rest breaks, when rest breaks were taken. In violation of the Labor Code, Defendants did not pay piece-rate workers for time spent during rest breaks, when rest breaks were taken.

29. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to timely payment of wages during their employment. In violation of the California Labor Code, Plaintiff and class members did not receive payment of all wages within permissible time periods.

30. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Waiting Time class members were entitled to timely payment of wages upon separation of employment. In violation of the California Labor Code, Plaintiff and Waiting Time class members did not receive payment of all wages including, but not limited to, unpaid wages within permissible time periods.

31. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive complete and accurate wage statements in accordance with California law. In violation of the California Labor Code, Plaintiff and class members were not furnished with complete and accurate wage statements showing their total hours worked, number of hours or pieces worked at each hourly or piece rate, and gross and net wages, among other things.

32. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to reimbursement for necessary expenditures incurred in connection with the performance and execution of their job duties. In violation of the California Labor Code, Plaintiff and class members did not receive adequate reimbursement for necessary business expenses.

33. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to pay without unlawful deductions

8

**CLASS ACTION COMPLAINT**

1   or forced patronage. In violation of the California Labor Code, Plaintiff and class members did not

2   their wages free of unlawful deductions.

3       34.   Plaintiff is informed and believes, and thereon alleges, that at all times mentioned

4   herein, Defendants knew or should have known that it had a duty to compensate Plaintiff and class

5   members, and that Defendants had the financial ability to pay such compensation but willfully,

6   knowingly and intentionally failed to do so, all in order to increase Defendants' profits.

7       35.   Therefore, Plaintiff brings this lawsuit seeking monetary and injunctive relief against

8   Defendants on behalf of himself and all class members to recover, among other things, unpaid wages,

9   interest, attorneys' fees, penalties, reimbursements, costs and expenses.

10                      **FIRST CAUSE OF ACTION**

11                  <u>**FAILURE TO PAY MINIMUM WAGES**</u>

12   **(Violation of Labor Code §§ 1182.12, 1194, 1194.2, and 1197; Violation of IWC Wage Order)**

13       36.   Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

14   though fully set forth herein.

15       37.   Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed

16   by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than

17   the minimum so fixed is unlawful.

18       38.   During the relevant time period, failed to pay Plaintiff and class members all

19   minimum wages owed when Defendants did not pay for all hours worked, and did not pay for time

20   spent in rest breaks, among other reasons.  Plaintiff and class members were not being paid at least

21   minimum wage for their work.

22       39.   During the relevant time period, Defendants regularly failed to pay at least minimum

23   wage to Plaintiff and class members for all hours worked pursuant to Labor Code §§ 1194 and 1197.

24       40.   Defendants' failure to pay Plaintiff and class members the minimum wage as required

25   violates Labor Code §§ 1194 and 1197.  Pursuant to these sections, Plaintiff and class members are

26   entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs

27   and attorney's fees.

28

**CLASS ACTION COMPLAINT**

41.     Pursuant to Labor Code § 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME**

**(Violation of Labor Code §§ 510, 1194, and 1198; Violation of IWC Wage Order)**

42.     Plaintiff hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

43.     Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half (1½)  or two (2) times the person's regular rate of pay, depending on the number of hours or days worked by the person on a daily or weekly basis.

44.     Specifically, the applicable IWC Wage Orders provide that Defendants are and were required to pay overtime compensation to Plaintiff and Class Members at the rate of one and one-half times (1½) their regular rate of pay when working and for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first eight (8) hours of work on the seventh day of work in a workweek.

45.     The applicable IWC Wage Orders further provide that Defendants are and were required to pay overtime compensation to Plaintiff and Class Members at a rate of two times their regular rate of pay when working and for all hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours on the seventh day of work in a workweek.

46.     California Labor Code § 510 codifies the right to overtime compensation at one and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh consecutive day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a workweek.

10

**CLASS ACTION COMPLAINT**

47.     Labor Code § 510 and the applicable IWC Wage Orders provide that employment of more than six days in a workweek is only permissible if the employer pays proper overtime compensation as set forth herein.

48.     Plaintiff and Class Members were non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194.

49.     During the relevant time period, Defendants failed to pay Plaintiff and Class Members overtime wages for all overtime hours worked when Plaintiff and Class Members worked in excess of eight (8) hours in a day, forty (40) hours in a week and/or for a seventh consecutive day of work in a workweek, or when Plaintiff and Class Members worked in excess of twelve (12) hours in a day and/or in excess of eight (8) hours on the seventh day of work in a work week.

50.     In violation of state law, Defendants knowingly and willfully refused to perform their obligations and compensate Plaintiff and Class Members for all wages earned and all hours worked.

51.     Defendants' failure to pay Plaintiff and Class Members the unpaid balance of overtime and double time compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

52.     Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to recover their unpaid overtime and double time compensation as well as interest, costs, and attorneys' fees

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

**(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order)**

53.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein

54.     Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

55.     Section 11 of the applicable IWC Wage Order states, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30

11

**CLASS ACTION COMPLAINT**

minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

56.    Labor Code § 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

57.    Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

58.    During the relevant time period, Plaintiff and Class Members did not receive compliant meal periods for working more than five (5) and/or ten (10) hours per day because their meal periods were missed, late, short, interrupted, and/or they were not permitted to take a second meal period.

59.    Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order requires an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant meal period is not provided.

60.    At all relevant times, Defendants failed to pay Plaintiff and Class Members meal period premiums for missed, late, short, and/or interrupted meal periods pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

As a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a compliant meal period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation

## FOURTH CAUSE OF ACTION

## FAILURE TO PERMIT REST BREAKS

**(Violation of Labor Code § 226.7; Violation of IWC Wage Order)**

12

CLASS ACTION COMPLAINT

61.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

62.     Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

63.     Section 12 of the applicable IWC Wage Order states "every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and the "authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

64.     Labor Code 226.7(d) provides that a rest period mandated by state law or IWC Wage Order "shall be counted as hours worked, for which there shall be no deduction from wages."

65.     During the relevant time period, Plaintiff and class members did not receive a ten (10) minute net rest period for every four (4) hours or major fraction thereof worked because they were required to work through their daily rest periods and/or were not authorized to take their rest periods.

66.     Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

67.     At all relevant times, Defendants failed to pay Plaintiff and class members the full rest period premium for missed or interrupted rest periods pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

68.     As a result of Defendants' failure to pay Plaintiff and class members an additional hour of pay for each day a rest period was not provided, Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES TO PIECE-RATE WORKERS FOR REST BREAKS

**(Violation of Labor Code § 226.2; Violation of IWC Wage Order)**

69.     Plaintiff hereby re-alleges and incorporates by reference the previous paragraphs, as though fully set forth herein.

13

**CLASS ACTION COMPLAINT**

70. Labor Code § 226.2 requires employees who are paid on a piece-rate basis to be compensated for rest and recovery periods and other nonproductive time separate from any piece-rate compensation.

71. Labor Code § 226.2(a) provides that employees compensated on a piece-rate basis shall be compensated for rest and recovery periods, and other nonproductive time separate from any piece-rate compensation. Employees shall be compensated at a regular hourly rate that is no less than the higher of (a) An average hourly rate determined by dividing the total compensation for the workweek, exclusive of compensation for rest and recovery periods and any premium compensation for overtime, by the total hours worked during the workweek, exclusive of rest and recovery periods. (b) The applicable minimum wage.

72. During the relevant time period, Plaintiff and Class Members paid on a piece-rate basis were not compensated for rest and recovery periods and other nonproductive time separate from any piece-rate compensation.

73. At all relevant times, Defendants knowingly and intentionally failed to comply with Labor Code § 226.2 denying compensated rest and recovery periods to employees paid on a piece-rate basis.

74. As a result of Defendants' failure to pay Plaintiff and Class Members compensated rest and recovery periods, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PAY WAGES UPON SEPARATION**

**OF EMPLOYMENT AND WITHIN THE REQUIRED TIME**

**(Violations of Labor Code §§ 201, 202, 203; Violation of IWC Wage Order)**

75. Plaintiff hereby re-alleges and incorporates by reference the previous paragraphs, as though fully set forth herein.

76. California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due

14

**CLASS ACTION COMPLAINT**

1    and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-

2    two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled

3    to his or her wages at the time of quitting.

4         77.    During the relevant time period, Defendants willfully failed to pay Plaintiff and

5    Waiting Time Subclass Members all their earned wages upon termination including, but not limited

6    to, minimum wages, either at the time of discharge or within seventy-two (72) hours of their leaving

7    Defendants' employ.

8         78.    Defendants' failure to pay Plaintiff and Waiting Time Subclass Members all their

9    earned wages at the time or discharge or within seventy-two (72) hours of their leaving Defendants'

10   employ, is in violation of California Labor Code §§ 201 and 202.

11        79.    California Labor Code § 203 provides that if an employer willfully fails to pay wages

12   owed promptly upon discharge or resignation as required under California Labor Code §§ 201 and

13   202, then the wages of the employee shall continue as a penalty from the due date, and at the same

14   rate until paid or until an action is commenced; but the wages shall not continue for more than thirty

15   (30) days.

16        80.    Defendants willfully failed to pay Plaintiff and Waiting Time Subclass Members all

17   wages due and, as a result, owe Plaintiff and Waiting Time Subclass Members regular daily wages

18   for each day they were not paid, at their regular rates of pay up to a thirty (30) day maximum pursuant

19   to California Labor Code § 203 all in an amount to be shown according to proof at trial.

20        81.    Based on these violations, Plaintiff and the Waiting Time Subclass they seek to

21   represent request relief as described herein and below.

**SEVENTH CAUSE OF ACTION**

**<u>FAILURE TO TIMELY PAY WAGES</u>**

**(Violation of Labor Code §§ 204, 210; Violation of IWC Wage Order)**

25        82.    Plaintiff hereby re-allege and incorporate by reference the previous paragraphs, as

26   though fully set forth herein.

27        83.    Labor Code § 204 provides, in pertinent part, "Labor performed between the 1st and

28   15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of

15

**CLASS ACTION COMPLAINT**

the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

84.     Defendants failed to timely pay Plaintiff and class members all of their earned wages as required by Labor Code Section 204.

85.     Plaintiff and class members have been deprived of their rightfully earned wages as a direct and proximate result of Defendants' failure to pay said compensation.  Plaintiff and class members are entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

86.     In addition, Plaintiff and class members are entitled to penalties pursuant to Labor Code § 210 as follows: (1) for Defendants' initial violation, $100 for each failure to pay each Class Member; and (2) for each of Defendants' subsequent violations, or any willful or intentional violation, $200 for each failure to pay each Class Member, plus 25 percent of the amount unlawfully held.

## EIGHTH CAUSE OF ACTION

### FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS

#### (Violation of Labor Code § 226; Violation of IWC Wage Order)

87.     Plaintiff hereby re-allege and incorporate by reference the previous paragraphs, as though fully set forth herein.

88.     California Labor Code § 226(a) requires employers to furnish their employees with an accurate itemized writing that shows gross wages earned, total hours worked, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and the portion of his or her social security number as required by law, the name and address of the legal entity that is the employer and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

89.     In addition, pursuant to Labor Code § 226.2(a)(2), the itemized statements of employees paid on a piece-rate basis shall also state (1) the total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the

**CLASS ACTION COMPLAINT**

1  pay period; and (2) the total hours of other nonproductive time, the rate of compensation, and the

2  gross wages paid for that time during the pay period.

3      90.    Defendants have intentionally and willfully failed to provide Plaintiff and class

4  members with complete and accurate wage statements. The deficiencies include, among other things,

5  the failure to list the gross wages earned, net wages earned, hours worked, and all applicable hourly

6  rates in effect during the pay period.

7      91.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and

8  class members have suffered injury and damage to their statutorily protected rights. Specifically,

9  Plaintiff and class members have been injured by Defendants' intentional violation of California

10  Labor Code § 226(a) because they were denied both their legal right to receive, and their protected

11  interest in receiving, accurate itemized wage statements under California Labor Code § 226(a). In

12  addition, because Defendants failed to provide the accurate rates of pay on wage statements,

13  Defendants have prevented Plaintiff and class members from determining if all hours worked were

14  paid at the appropriate rate and the extent of the underpayment. Plaintiff has had to file this lawsuit

15  in order to analyze whether in fact Plaintiff was paid correctly and the extent of the underpayment,

16  thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in

17  these efforts and incur these costs had Defendants provided the accurate rate of pay. This has also

18  delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

19      92.    California Labor Code § 226(a) requires an employer to pay the greater of all actual

20  damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one

21  hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's

22  fees and costs, to each employee who was injured by the employer's failure to comply with California

23  Labor Code § 226(a).

24      93.    Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and

25  class members from knowing, understanding and disputing the wages paid to them, and resulted in

26  an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and

27  intentional failure to comply with California Labor Code § 226(a), Plaintiff and class members have

28

**CLASS ACTION COMPLAINT**

suffered an injury, the exact amount of damages and/or penalties is all in an amount to be shown according to proof at trial.

94.     Plaintiff and class members are also entitled to injunctive relief under California Labor Code § 226(g), compelling Defendants to comply with California Labor Code § 226, and seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

## NINTH CAUSE OF ACTION

### FAILURE TO REIMBURSE ALL BUSINESS EXPENSES

**(Violation of Labor Code §§ 2800, 2802; Violation of IWC Wage Order)**

95.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

96.     Labor Code § 2800 states that an employer shall in all cases indemnify its employee for losses.

97.     Labor Code § 2802 requires employers to indemnify their employees for all necessary expenditures or losses incurred by employees in direct consequence of the discharge of their duties.

98.     Section 9 of the applicable IWC Wage Order states that when tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer.

99.     During the relevant time period, Defendants required Plaintiff and class members to download an app onto their personal cellular devices in order to view, accept and process jobs, without paying Plaintiff and class members for a reasonable percentage of their cell phone bills.

100.    During the relevant time period, Defendants required Plaintiff and class members to buy supplies or pay for other business expenses, without properly compensating them.

101.    In violation of Labor Code §§ 2800 and 2802, Defendants failed to indemnify Plaintiff and class members for these expenses.

102.    In committing the violations as herein alleged, Defendants have intentionally and willfully failed to fully reimburse Plaintiff and class members for necessary business-related costs and expenses. As a direct result, Plaintiff and class members have suffered and continue to suffer

18

**CLASS ACTION COMPLAINT**

substantial losses relating to the use and enjoyment of such compensation, wages, expenses, and attorney's fees.

## TENTH CAUSE OF ACTION

### FAILURE TO REFRAIN FROM UNLAWFUL DEDUCTIONS

#### (Violation of Labor Code §§ 221, 450; Violation of IWC Wage Order)

103.   Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

104.   Labor Code § 221 provides, in pertinent part, "[i]t shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

105.   Labor Code § 450 provides, in pertinent part, "No employer, or agent or officer thereof, or other person, may compel or coerce any employee, or applicant for employment, to patronize his or her employer, or any other person, in the purchase of any thing of value."

106.   During the relevant time period, Defendants made unlawful deductions from Plaintiff's and class members' wages and required forced patronage.

107.   Defendants' violation of Labor Code §§ 221 and 450 caused Plaintiffs and class members to suffer substantial monetary losses, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under California law, as a result Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

## ELEVENTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

#### (Violation of Business and Professions Code §§ 17200 *et seq.*)

108.   Plaintiff hereby re-alleges and incorporates by reference the previous paragraphs, as though fully set forth herein.

109.   California Business and Professions Code §§ 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice . . . ."

110.   A violation of California Business and Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law. In the instant case, Defendants' policies and

19

CLASS ACTION COMPLAINT

1    practices have violated state law causing Plaintiff and class members to suffer and continue to suffer

2    injuries in fact. As alleged herein, Defendants systematically engaged in unlawful conduct in

3    violation of the California Labor Code and IWC Wage Orders, such as failing to pay minimum

4    wages, failing to authorize or permit paid rest breaks, failing to provide meal periods, failing to pay

5    wages for time spent in rest breaks and/or recovery periods, failing to pay all wages due and owing

6    upon separation of employment and in a timely manner, failing to timely pay wages during

7    employment, failing to furnish accurate wage statements, failing to reimburse business expenses, and

8    failing to refrain from unlawful deductions, all in order to decrease their costs of doing business and

9    increase their profits.

10        111.    At all times relevant herein, Defendants intentionally avoided paying Plaintiff and

11    class members wages and monies, thereby creating for Defendants an artificially lower cost of doing

12    business in order to undercut their competitors and establish and/or gain a greater foothold in the

13    marketplace.

14        112.    At the time Plaintiff and class members were hired, Defendants knowingly,

15    intentionally and wrongfully misrepresented to each of them their conformance with the California

16    Labor Code and IWC Wage Orders including proper payments required by law.

17        113.    At all relevant times herein, Defendants held themselves out to Plaintiff and class

18    members as being knowledgeable concerning the labor laws of California.

19        114.    At all times relevant herein, Plaintiff and class members relied on and believed

20    Defendants' representations concerning their conformance with California's wage and hour laws all

21    to their detriment.

22        115.    As a result of Defendants' intentional, willful, purposeful and wrongful

23    misrepresentation of their conformance with the California Labor Code and IWC Wage Orders,

24    Plaintiff and class members suffered a loss of wages and monies, all in an amount to be shown

25    according to proof at trial. By violating the foregoing statutes and regulations as herein alleged,

26    Defendants' acts constitute unfair and unlawful business practices under California Business and

27    Professions Code §§ 17200, *et seq*.

28

20

**CLASS ACTION COMPLAINT**

1      116.    Defendants' violations of the California Labor Code and IWC Wage Orders and their

2   scheme to lower their payroll costs as alleged herein, constitute unlawful business practices because

3   they were done in a systematic manner over a period of time to the detriment of Plaintiff and class

4   members.

5      117.    As a result of the unfair business practices of Defendants, as alleged herein, Plaintiff

6   and class members are entitled to injunctive relief, disgorgement and restitution in an amount to be

7   shown according to proof at trial.

8      118.    Plaintiff seeks to enforce important rights affecting the public interest within the

9   meaning of California Code of Civil Procedure § 1021.5. Defendants' conduct, as alleged herein, has

10   been, and continues to be, unfair, unlawful and harmful to Plaintiff, class members and to the general

11   public. Based on Defendants' conduct as alleged herein, Plaintiff and class members are entitled to

12   an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

13                   **PRAYER FOR RELIEF**

14      WHEREFORE, Plaintiff, on behalf of all others similarly situated, pray for judgment against

15   Defendants as follows:

16      1.    For certification of the proposed Class and Waiting Time Subclass and any other

17   appropriate subclasses under California Code of Civil Procedure § 382;

18      2.    For appointment of Sigifredo Perez Jr. as the class representative;

19      3.    For appointment of Aegis Law Firm, PC as class counsel for all purposes;

20      4.    For general damages;

21      5.    For special damages;

22      6.    For liquidated damages pursuant to California Labor Code § 1194.2;

23      7.    For statutory penalties to the extent permitted by law, including those pursuant to the

24   California Labor Code and IWC Wage Orders;

25      8.    For injunctive relief as provided by the California Labor Code and California

26   Business and Professions Code §§ 17200, *et seq.*;

27      9.    For restitution as provided by California Business and Professions Code §§ 17200, *et*

28   *seq.*;

**CLASS ACTION COMPLAINT**

10. For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under California Business and Professions Code §§ 17200, *et seq.*;

11. For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits and penalties according to proof, including interest thereon;

12. For pre-judgment interest;

13. For reasonable attorney's fees and costs of suit to the extent permitted by law, including pursuant to California Code of Civil Procedure § 1021.5 and California Labor Code §§ 226(e), 1194 and 2802(c); and

14. For such other relief as the Court deems just and proper.

Dated: May 21, 2020                         **AEGIS LAW FIRM, PC**


By: _____
              Jessica L. Campbell
              Attorneys for Plaintiff


### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: May 21, 2020                         **AEGIS LAW FIRM, PC**


By: _____
              Jessica L. Campbell
              Attorneys for Plaintiff

22

**CLASS ACTION COMPLAINT**

EXHIBIT
"B"

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**AEGIS LAW FIRM, PC**
Samuel A. Wong (State Bar No. 217104)
Kashif Haque (State Bar No. 218672)
Jessica L. Campbell (State Bar No. 280626)
Alexander G.L. Davies (State Bar No. 328125)
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile:  (949) 379-6251
Email: jcampbell@aegislawfirm.com
       adavies@aegislawfirm.com

Attorneys for Plaintiff Sigifredo Perez Jr. individually,
and on behalf of others similarly situated

(Additional counsel listed on the following page)

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SACRAMENTO

| | |
|---|---|
| SIGIFREDO PEREZ JR., individually and on behalf of all others similarly situated and on behalf of the general public,<br><br>　　　　　Plaintiff,<br><br>　　　　　　v.<br><br>SIERRA MOUNTAIN EXPRESS, INC., a limited liability company, WILLIAM E. SCANLON, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. 34-2020-00279284-CU-OE-GDS<br><br>*Assigned for All Purposes to the:*<br>*Honorable Richard K. Sueyoshi*<br>*Department 40*<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1.　Failure to Pay Minimum Wages;<br>2.　Failure to Provide Meal Periods;<br>3.　Failure to Permit Paid Rest Breaks;<br>4.　Failure to Pay All Wages to Piece-Rate Workers for Time Spent in Rest Breaks<br>5.　Failure to Pay Wages Upon Separation of Employment<br>6.　Failure to Pay Wages Within the Required Time;<br>7.　Failure to Provide Accurate Itemized Wage Statements;<br>8.　Failure to Reimburse Necessary Business Expenses;<br>9.　Failure to Refrain From Unlawful Deductions;<br>10. Violation of California Business; and Professions Code §§ 17200, *et seq.*<br>11. Enforcement of Labor Code § 2698 *et seq.* ("PAGA") |

---

**FIRST AMENDED CLASS ACTION COMPLAINT**

**LAW OFFICE OF NEDA AGUIRRE, APC**
Neda Aguirre, State Bar No. 303790
41593 Winchester Road, Suite 102
Temecula, CA 92590
Tel. 951-775-8445
Fax. 951-346-3876|

Attorneys for Plaintiff Sigifredo Perez Jr., individually,
and on behalf of others similarly situated

Plaintiff Sigifredo Perez Jr., individually and on behalf of all others similarly situated, allege as follows:

## NATURE OF ACTION AND INTRODUCTORY STATEMENT

1.     Plaintiff Sigifredo Perez Jr. ("Plaintiff") brings this putative class putative class and representative action pursuant to the Private Attorneys General Act of 2004, Cal. Lab. Code. § 2698 *et seq.*, against Sierra Mountain Express, Inc., William E. Scanlon, and Does 1 through 10, inclusive (collectively "Defendants") on behalf of himself individually and on behalf of Defendants' non-exempt employees who were misclassified as independent contractors.

2.     Defendants are in the business of providing transportation of cars throughout California.

3.     Through this action, Plaintiff is alleging that Defendants have engaged in a systematic pattern of wage and hour violations under the California Labor Code ("Labor Code"), all of which contribute to Defendants' deliberate unfair competition.

4.     Plaintiff is informed and believes, and thereon alleges, during the relevant time period, Defendants had a consistent policy of violating state wage and hour laws by, among other things:

     (a)     Misclassifying Plaintiff and drivers as independent contractors;

     (b)     Failing to pay all wages for all hours worked;

     (c)     Failing to authorize or permit rest breaks or provide compensation in lieu thereof;

     (d)     Failing to provide meal periods or compensation in lieu thereof;

     (e)     Failing to pay wages to piece-rate workers for time spent in rest breaks and/or recovery periods;

     (f)     Willfully failing to provide accurate semi-monthly itemized wage statements;

     (g)     Failing to pay all wages due upon separation of employment;

     (h)     Failing to reimburse all business expenses incurred by class members in direct consequence of the discharge of his or her duties; and

1

**FIRST AMENDED CLASS ACTION COMPLAINT**

(i)     Unlawfully deducting items from class members' pay or requiring forced patronage.

5.      Plaintiff brings this lawsuit seeking monetary relief against Defendants on behalf of himself and all others similarly to recover, among other things, unpaid wages and benefits, interest, attorney's fees, costs and expenses and penalties pursuant to Labor Code §§ 201-204, 210, 221, 225.5, 226, 226.2, 226.3, 226.7, 226.8, 450, 512, 558, 558.1, 1182.12, 1194, 1194.2, 1197, 1197.1, 2750.3, 2800, 2802, and 2698, *et seq*.

6.      Plaintiff, on behalf of himself and all class members, pursuant to Business and Professions Code sections 17200, *et seq*, also seek injunctive relief and restitution for the unfair, unlawful, or fraudulent practices alleged in this Complaint

## JURISDICTION AND VENUE

7.      The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

8.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all cases except those given by statutes to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

9.      This Court has jurisdiction over all Defendants because, upon information and belief, Defendants have sufficient minimum contacts in California or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

10.     Venue is proper in this Court because, upon information and belief, Defendants transact business or have at least one facility in this county, or acts and omissions alleged herein took place in this county.

## THE PARTIES

11.     Plaintiff Sigifredo Perez Jr. is a citizen of California. Plaintiff was employed by Defendants during the Class Period in California.

**FIRST AMENDED CLASS ACTION COMPLAINT**

12. Defendants were and are, upon information and belief, a corporation doing business throughout the State of California, and at all times hereinafter mentioned, an employer as defined in and subject to the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, whose employees are and were engaged throughout this county and the State of California.

13. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein as Does 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names under California Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a Doe is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

14. Plaintiff is informed and believes, and based thereon alleges, that Defendant William E. Scanlon is the employer or other person acting on behalf of the employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates or causes to be violated, Sections 203, 226, 226.7, 1194, or 2801, may can be held liable as the employer for such violation pursuant to Labor Code § 558.1(a).

15. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendants are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employers and/or joint employers of Plaintiff and the class members.

## **CLASS ACTION ALLEGATIONS**

16. Plaintiff brings this action under Code of Civil Procedure § 382 on behalf of himself and all other members of the general public similarly situated who were affected by Defendants' Labor Code, Business and Professions Code §§ 17200 and IWC Wage Order violations.

17. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

3

**FIRST AMENDED CLASS ACTION COMPLAINT**

18.     Plaintiff's proposed Class consists of and is defined as follows:

Class

All California citizens who performed work for Defendants in the State of California as drivers, who were misclassified as independent contractors from April 6, 2016[1] to the date of class certification.

19.     Plaintiff also seeks to certify the following Subclass:

Waiting Time Subclass

All members of the Class who separated their working relationship from Defendants from April 6, 2017 to the date the Subclass is certified.

20.     Members of the Class and Subclass described above will collectively be referred to as "class members." Plaintiff reserves the right to establish other or additional subclasses, or modify any Class or Subclass definition, as appropriate based on investigation, discovery and specific theories of liability.

21.     This action has been brought and may properly be maintained as a class action under the California Code of Civil Procedure § 382 because there are common questions of law and fact as to the Class that predominate over questions affecting only individual members including, but not limited to:

    a.     Whether Defendants misclassified Plaintiff and class members as independent contractors rather than non-exempt employees;

    b.     Whether Defendants failed to pay at least minimum wage for all hours worked by Plaintiff and class members;

    c.     Whether Defendants failed to provide Plaintiff and class members with meal periods;

    d.     Whether Defendants deprived Plaintiff and class members of paid rest breaks or required Plaintiff and class members to work through rest breaks without compensation;

---

[1] The statute of limitations for this matter was tolled pursuant to Cal. Rules of Court, Appendix I, Emergency Rule No. 9.

4

FIRST AMENDED CLASS ACTION COMPLAINT

e.   Whether Defendants failed to pay all wages to Plaintiff and class members for time spent in rest breaks;

f.   Whether Defendants failed to timely pay Plaintiff and class members all earned wages during their employment;

g.   Whether Defendants failed to timely pay Plaintiff and former class members all wages due upon termination or within 72 hours of resignation;

h.   Whether Defendants failed to furnish Plaintiff and class members with accurate itemized wage statements;

i.   Whether Defendants required Plaintiff and class members to use their personal funds for business expenses and then failed to adequately reimburse them;

j.   Whether Defendants made unlawful deductions from Plaintiff's and class members' pay;

k.   Whether Defendants' conduct was willful or reckless; and

l.   Whether Defendants engaged in unfair business practices in violation of Business & Professions Code §§ 17200, *et seq.*

22.   There is a well-defined community of interest in the litigation and the Class is readily ascertainable.

(a)   <u>Numerosity</u>:  The members of the Class are so numerous that joinder of all members is impractical. Although the members of the Class are unknown to Plaintiff at this time, on information and belief, the Class is estimated to be greater than 100 individuals. The identity of the class members are readily ascertainable by inspection of Defendants' employment and payroll records.

(b)   <u>Typicality</u>:  The claims (or defenses, if any) of Plaintiff are typical of the claims (or defenses, if any) of the Class because Defendants' failure to comply with the provisions of California wage and hour laws entitled each class member to similar pay, benefits and other relief. The injuries sustained by Plaintiff is also typical of the injuries sustained by the Class because they arise

**FIRST AMENDED CLASS ACTION COMPLAINT**

out of and are caused by Defendants' common course of conduct as alleged herein.

(c) <u>Adequacy</u>: Plaintiff is qualified to, and will fairly and adequately represent and protect the interests of all members of the Class because it is in their best interest to prosecute the claims alleged herein to obtain full compensation and penalties due him and the Class. Plaintiff's attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and are versed in the rules governing class action discovery, certification and settlement. Plaintiff has incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d) <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for each Class. If appropriate this Court can, and is empowered to, fashion methods to efficiently manage this case as a class and/or collective action.

(e) <u>Public Policy Considerations</u>: Employers in the State of California and other states violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as affording them privacy protections.

**FIRST AMENDED CLASS ACTION COMPLAINT**

**GENERAL ALLEGATIONS**

23.     Plaintiff performed services for Defendants in California during the relevant time period. During the relevant time period, Plaintiff was classified by Defendants as an independent contractor.

24.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants were advised by skilled lawyers, employees and other professionals who were knowledgeable about California wage and hour law, employment and personnel practices and the requirements of California.

25.     Through this action, Plaintiff alleges that Defendants have engaged in a systematic pattern of wage and hour violations under the California Labor Code and IWC Wage Orders, all of which contribute to Defendants' deliberate unfair competition.

26.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive wages for all time worked (including minimum wages) and that they were not receiving all wages earned for work that was required to be performed. In violation of the Labor Code and IWC Wage Orders, Plaintiff and class members were not paid wages (including minimum wages) for all hours worked when Defendants failed to pay or underpaid Plaintiff and class members for all hours worked, and failed to pay for time spent in rest breaks, among other things.

27.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay when a rest break was missed, and were entitled to payment of wages for time spent when rest breaks were taken. In violation of the Labor Code and IWC Wage Orders, Plaintiff and class members did not receive paid rest breaks or payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay when a rest break was missed.

28.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive all meal periods or payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay when

7

they did not receive a timely, uninterrupted meal period.  In violation of the Labor Code and IWC Wage Orders, Plaintiff and class members did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's and class members' regular rate of pay when they did not receive a timely, uninterrupted meal period.

29.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known they had a duty to separately compensate Plaintiff and class members who were piece-rate workers for time spent during rest breaks, when rest breaks were taken. In violation of the Labor Code, Defendants did not pay piece-rate workers for time spent during rest breaks, when rest breaks were taken.

30.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to timely payment of wages during their employment. In violation of the California Labor Code, Plaintiff and class members did not receive payment of all wages within permissible time periods.

31.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Waiting Time class members were entitled to timely payment of wages upon separation of employment. In violation of the California Labor Code, Plaintiff and Waiting Time class members did not receive payment of all wages including, but not limited to, unpaid wages within permissible time periods.

32.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive complete and accurate wage statements in accordance with California law. In violation of the California Labor Code, Plaintiff and class members were not furnished with complete and accurate wage statements showing their total hours worked, number of hours or pieces worked at each hourly or piece rate, and gross and net wages, among other things.

33.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to reimbursement for necessary expenditures incurred in connection with the performance and execution of their job duties. In

**FIRST AMENDED CLASS ACTION COMPLAINT**

violation of the California Labor Code, Plaintiff and class members did not receive adequate reimbursement for necessary business expenses.

34.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to pay without unlawful deductions or forced patronage. In violation of the California Labor Code, Plaintiff and class members did not their wages free of unlawful deductions.

35.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants knew or should have known that it had a duty to compensate Plaintiff and class members, and that Defendants had the financial ability to pay such compensation but willfully, knowingly and intentionally failed to do so, all in order to increase Defendants' profits.

36.     Therefore, Plaintiff brings this lawsuit seeking monetary and injunctive relief against Defendants on behalf of himself and all class members to recover, among other things, unpaid wages, interest, attorneys' fees, penalties, reimbursements, costs and expenses.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES

**(Violation of Labor Code §§ 1182.12, 1194, 1194.2, and 1197; Violation of IWC Wage Order)**

37.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

38.     Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

39.     During the relevant time period, failed to pay Plaintiff and class members all minimum wages owed when Defendants did not pay for all hours worked, and did not pay for time spent in rest breaks, among other reasons.  Plaintiff and class members were not being paid at least minimum wage for their work.

40.     During the relevant time period, Defendants regularly failed to pay at least minimum wage to Plaintiff and class members for all hours worked pursuant to Labor Code §§ 1194 and 1197.

**FIRST AMENDED CLASS ACTION COMPLAINT**

41.    Defendants' failure to pay Plaintiff and class members the minimum wage as required violates Labor Code §§ 1194 and 1197. Pursuant to these sections, Plaintiff and class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs and attorney's fees.

42.    Pursuant to Labor Code § 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

### (Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order)

43.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein

44.    Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

45.    Section 11 of the applicable IWC Wage Order states, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

46.    Labor Code § 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

47.    Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

**FIRST AMENDED CLASS ACTION COMPLAINT**

48.     During the relevant time period, Plaintiff and Class Members did not receive compliant meal periods for working more than five (5) and/or ten (10) hours per day because their meal periods were missed, late, short, interrupted, and/or they were not permitted to take a second meal period.

49.     Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order requires an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant meal period is not provided.

50.     At all relevant times, Defendants failed to pay Plaintiff and Class Members meal period premiums for missed, late, short, and/or interrupted meal periods pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

As a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a compliant meal period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation

### THIRD CAUSE OF ACTION

### FAILURE TO PERMIT REST BREAKS

#### (Violation of Labor Code § 226.7; Violation of IWC Wage Order)

51.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

52.     Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

53.     Section 12 of the applicable IWC Wage Order states "every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and the "authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

54.     Labor Code 226.7(d) provides that a rest period mandated by state law or IWC Wage Order "shall be counted as hours worked, for which there shall be no deduction from wages."

11

55.     During the relevant time period, Plaintiff and class members did not receive a ten (10) minute net rest period for every four (4) hours or major fraction thereof worked because they were required to work through their daily rest periods and/or were not authorized to take their rest periods.

56.     Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

57.     At all relevant times, Defendants failed to pay Plaintiff and class members the full rest period premium for missed or interrupted rest periods pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

58.     As a result of Defendants' failure to pay Plaintiff and class members an additional hour of pay for each day a rest period was not provided, Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES TO PIECE-RATE WORKERS FOR REST BREAKS

#### (Violation of Labor Code § 226.2; Violation of IWC Wage Order)

59.     Plaintiff hereby re-alleges and incorporates by reference the previous paragraphs, as though fully set forth herein.

60.     Labor Code § 226.2 requires employees who are paid on a piece-rate basis to be compensated for rest and recovery periods and other nonproductive time separate from any piece-rate compensation.

61.     Labor Code § 226.2(a) provides that employees compensated on a piece-rate basis shall be compensated for rest and recovery periods, and other nonproductive time separate from any piece-rate compensation. Employees shall be compensated at a regular hourly rate that is no less than the higher of (a) An average hourly rate determined by dividing the total compensation for the workweek, exclusive of compensation for rest and recovery periods and any premium compensation for overtime, by the total hours worked during the workweek, exclusive of rest and recovery periods. (b) The applicable minimum wage.

12

**FIRST AMENDED CLASS ACTION COMPLAINT**

62.     During the relevant time period, Plaintiff and Class Members paid on a piece-rate basis were not compensated for rest and recovery periods and other nonproductive time separate from any piece-rate compensation.

63.     At all relevant times, Defendants knowingly and intentionally failed to comply with Labor Code § 226.2 denying compensated rest and recovery periods to employees paid on a piece-rate basis.

64.     As a result of Defendants' failure to pay Plaintiff and Class Members compensated rest and recovery periods, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

### FIFTH CAUSE OF ACTION

### FAILURE TO PAY WAGES UPON SEPARATION

### OF EMPLOYMENT AND WITHIN THE REQUIRED TIME

**(Violations of Labor Code §§ 201, 202, 203; Violation of IWC Wage Order)**

65.     Plaintiff hereby re-alleges and incorporates by reference the previous paragraphs, as though fully set forth herein.

66.     California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

67.     During the relevant time period, Defendants willfully failed to pay Plaintiff and Waiting Time Subclass Members all their earned wages upon termination including, but not limited to, minimum wages, either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

68.     Defendants' failure to pay Plaintiff and Waiting Time Subclass Members all their earned wages at the time or discharge or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

**FIRST AMENDED CLASS ACTION COMPLAINT**

69.     California Labor Code § 203 provides that if an employer willfully fails to pay wages owed promptly upon discharge or resignation as required under California Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

70.     Defendants willfully failed to pay Plaintiff and Waiting Time Subclass Members all wages due and, as a result, owe Plaintiff and Waiting Time Subclass Members regular daily wages for each day they were not paid, at their regular rates of pay up to a thirty (30) day maximum pursuant to California Labor Code § 203 all in an amount to be shown according to proof at trial.

71.     Based on these violations, Plaintiff and the Waiting Time Subclass they seek to represent request relief as described herein and below.

## SIXTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY WAGES

**(Violation of Labor Code §§ 204, 210; Violation of IWC Wage Order)**

72.     Plaintiff hereby re-allege and incorporate by reference the previous paragraphs, as though fully set forth herein.

73.     Labor Code § 204 provides, in pertinent part, "Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

74.     Defendants failed to timely pay Plaintiff and class members all of their earned wages as required by Labor Code Section 204.

75.     Plaintiff and class members have been deprived of their rightfully earned wages as a direct and proximate result of Defendants' failure to pay said compensation.  Plaintiff and class members are entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

76.     In addition, Plaintiff and class members are entitled to penalties pursuant to Labor Code § 210 as follows: (1) for Defendants' initial violation, $100 for each failure to pay each Class

14

1 | Member; and (2) for each of Defendants' subsequent violations, or any willful or intentional

2 | violation, $200 for each failure to pay each Class Member, plus 25 percent of the amount unlawfully

3 | held.

4 | **SEVENTH CAUSE OF ACTION**

5 | **FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**

6 | **(Violation of Labor Code § 226; Violation of IWC Wage Order)**

7 | 77.      Plaintiff hereby re-allege and incorporate by reference the previous paragraphs, as

8 | though fully set forth herein.

9 | 78.      California Labor Code § 226(a) requires employers to furnish their employees with

10 | an accurate itemized writing that shows gross wages earned, total hours worked, all deductions, net

11 | wages earned, the inclusive dates of the period for which the employee is paid, the name of the

12 | employee and the portion of his or her social security number as required by law, the name and

13 | address of the legal entity that is the employer and all applicable hourly rates in effect during the pay

14 | period and the corresponding number of hours worked at each hourly rate by the employee.

15 | 79.      In addition, pursuant to Labor Code § 226.2(a)(2), the itemized statements of

16 | employees paid on a piece-rate basis shall also state (1) the total hours of compensable rest and

17 | recovery periods, the rate of compensation, and the gross wages paid for those periods during the

18 | pay period; and (2) the total hours of other nonproductive time, the rate of compensation, and the

19 | gross wages paid for that time during the pay period.

20 | 80.      Defendants have intentionally and willfully failed to provide Plaintiff and class

21 | members with complete and accurate wage statements. The deficiencies include, among other things,

22 | the failure to list the gross wages earned, net wages earned, hours worked, and all applicable hourly

23 | rates in effect during the pay period.

24 | 81.      As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and

25 | class members have suffered injury and damage to their statutorily protected rights. Specifically,

26 | Plaintiff and class members have been injured by Defendants' intentional violation of California

27 | Labor Code § 226(a) because they were denied both their legal right to receive, and their protected

28 | interest in receiving, accurate itemized wage statements under California Labor Code § 226(a). In

**FIRST AMENDED CLASS ACTION COMPLAINT**

addition, because Defendants failed to provide the accurate rates of pay on wage statements, Defendants have prevented Plaintiff and class members from determining if all hours worked were paid at the appropriate rate and the extent of the underpayment. Plaintiff has had to file this lawsuit in order to analyze whether in fact Plaintiff was paid correctly and the extent of the underpayment, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate rate of pay. This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

82.     California Labor Code § 226(a) requires an employer to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to each employee who was injured by the employer's failure to comply with California Labor Code § 226(a).

83.     Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and class members from knowing, understanding and disputing the wages paid to them, and resulted in an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and class members have suffered an injury, the exact amount of damages and/or penalties is all in an amount to be shown according to proof at trial.

84.     Plaintiff and class members are also entitled to injunctive relief under California Labor Code § 226(g), compelling Defendants to comply with California Labor Code § 226, and seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

## EIGHTH CAUSE OF ACTION

### FAILURE TO REIMBURSE ALL BUSINESS EXPENSES

**(Violation of Labor Code §§ 2800, 2802; Violation of IWC Wage Order)**

85.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

86.     Labor Code § 2800 states that an employer shall in all cases indemnify its employee for losses.

16

**FIRST AMENDED CLASS ACTION COMPLAINT**

87.     Labor Code § 2802 requires employers to indemnify their employees for all necessary expenditures or losses incurred by employees in direct consequence of the discharge of their duties.

88.     Section 9 of the applicable IWC Wage Order states that when tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer.

89.     During the relevant time period, Defendants required Plaintiff and class members to download an app onto their personal cellular devices in order to view, accept and process jobs, without paying Plaintiff and class members for a reasonable percentage of their cell phone bills.

90.     During the relevant time period, Defendants required Plaintiff and class members to buy supplies or pay for other business expenses, without properly compensating them.

91.     In violation of Labor Code §§ 2800 and 2802, Defendants failed to indemnify Plaintiff and class members for these expenses.

92.     In committing the violations as herein alleged, Defendants have intentionally and willfully failed to fully reimburse Plaintiff and class members for necessary business-related costs and expenses. As a direct result, Plaintiff and class members have suffered and continue to suffer substantial losses relating to the use and enjoyment of such compensation, wages, expenses, and attorney's fees.

## NINTH CAUSE OF ACTION

### FAILURE TO REFRAIN FROM UNLAWFUL DEDUCTIONS

### (Violation of Labor Code §§ 221, 450; Violation of IWC Wage Order)

93.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

94.     Labor Code § 221 provides, in pertinent part, "[i]t shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

95.     Labor Code § 450 provides, in pertinent part, "No employer, or agent or officer thereof, or other person, may compel or coerce any employee, or applicant for employment, to

17

1    patronize his or her employer, or any other person, in the purchase of any thing of value."

2        96.    During the relevant time period, Defendants made unlawful deductions from

3    Plaintiff's and class members' wages and required forced patronage.

4        97.    Defendants' violation of Labor Code §§ 221 and 450 caused Plaintiffs and class

5    members to suffer substantial monetary losses, and expenses and attorney's fees in seeking to

6    compel Defendants to fully perform their obligations under California law, as a result Plaintiff and

7    class members suffered and continue to suffer a loss of wages and compensation.

8                              **TENTH CAUSE OF ACTION**

9                              **UNFAIR BUSINESS PRACTICES**

10          **(Violation of Business and Professions Code §§ 17200 *et seq.*)**

11        98.    Plaintiff hereby re-alleges and incorporates by reference the previous paragraphs, as

12    though fully set forth herein.

13        99.    California Business and Professions Code §§ 17200, *et seq.*, prohibits acts of unfair

14    competition, which includes any "unlawful, unfair or fraudulent business act or practice . . . ."

15        100.   A violation of California Business and Professions Code §§ 17200, *et seq.* may be

16    predicated on the violation of any state or federal law. In the instant case, Defendants' policies and

17    practices have violated state law causing Plaintiff and class members to suffer and continue to suffer

18    injuries in fact. As alleged herein, Defendants systematically engaged in unlawful conduct in

19    violation of the California Labor Code and IWC Wage Orders, such as failing to pay minimum

20    wages, failing to authorize or permit paid rest breaks, failing to provide meal periods, failing to pay

21    wages for time spent in rest breaks and/or recovery periods, failing to pay all wages due and owing

22    upon separation of employment and in a timely manner, failing to timely pay wages during

23    employment, failing to furnish accurate wage statements, failing to reimburse business expenses, and

24    failing to refrain from unlawful deductions, all in order to decrease their costs of doing business and

25    increase their profits.

26        101.   At all times relevant herein, Defendants intentionally avoided paying Plaintiff and

27    class members wages and monies, thereby creating for Defendants an artificially lower cost of doing

28

**FIRST AMENDED CLASS ACTION COMPLAINT**

1  business in order to undercut their competitors and establish and/or gain a greater foothold in the

2  marketplace.

3     102.   At the time Plaintiff and class members were hired, Defendants knowingly,

4  intentionally and wrongfully misrepresented to each of them their conformance with the California

5  Labor Code and IWC Wage Orders including proper payments required by law.

6     103.   At all relevant times herein, Defendants held themselves out to Plaintiff and class

7  members as being knowledgeable concerning the labor laws of California.

8     104.   At all times relevant herein, Plaintiff and class members relied on and believed

9  Defendants' representations concerning their conformance with California's wage and hour laws all

10  to their detriment.

11     105.   As a result of Defendants' intentional, willful, purposeful and wrongful

12  misrepresentation of their conformance with the California Labor Code and IWC Wage Orders,

13  Plaintiff and class members suffered a loss of wages and monies, all in an amount to be shown

14  according to proof at trial. By violating the foregoing statutes and regulations as herein alleged,

15  Defendants' acts constitute unfair and unlawful business practices under California Business and

16  Professions Code §§ 17200, *et seq.*

17     106.   Defendants' violations of the California Labor Code and IWC Wage Orders and their

18  scheme to lower their payroll costs as alleged herein, constitute unlawful business practices because

19  they were done in a systematic manner over a period of time to the detriment of Plaintiff and class

20  members.

21     107.   As a result of the unfair business practices of Defendants, as alleged herein, Plaintiff

22  and class members are entitled to injunctive relief, disgorgement and restitution in an amount to be

23  shown according to proof at trial.

24     108.   Plaintiff seeks to enforce important rights affecting the public interest within the

25  meaning of California Code of Civil Procedure § 1021.5. Defendants' conduct, as alleged herein, has

26  been, and continues to be, unfair, unlawful and harmful to Plaintiff, class members and to the general

27  public. Based on Defendants' conduct as alleged herein, Plaintiff and class members are entitled to

28  an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

**FIRST AMENDED CLASS ACTION COMPLAINT**

**ELEVENTH CAUSE OF ACTION**

**ENFORCEMENT OF LABOR CODE §§ 2698 *ET SEQ.* ("PAGA")**

109.   Plaintiff hereby re-alleges and incorporate by reference the previous paragraphs as though fully set forth herein.

110.   Pursuant to Labor Code § 2699(a), any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") or any of its departments, divisions, commissions, boards, agencies, or employees for violation of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

111.   For all provisions of the Labor Code except those for which a civil penalty is specifically provided, Labor Code § 2699(f) imposes upon Defendants a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent pay period in which Defendants violated these provisions of the Labor Code.

112.   Defendants' conduct violates numerous Wage Order and Labor Code sections, including, but not limited to, the following:

(a)   violation of Labor Code §§ 201-203, 204, 210, 226.2, 558, 1182.12, 1194, 1194.2, 1197, and 1197.1 for failure to timely pay all earned wages (including minimum wage wages) owed to Plaintiff and other aggrieved employees during employment and upon separation of employment as herein alleged;

(b)   violation of Labor Code §§ 226.7 and 512 for failure to provide meal periods to Plaintiff and other aggrieved employees and failure to pay premium wages for missed meal periods as herein alleged;

(c)   violation of Labor Code § 226.7 for failure to permit rest breaks to Plaintiff and other aggrieved employees and failure to pay premium wages for missed rest periods as herein alleged;

**FIRST AMENDED CLASS ACTION COMPLAINT**

(d)    violation of Labor Code § 226.2 for failure to pay all wages to Plaintiff and other piece-rate workers for rest periods as herein alleged;

(e)    violation of Labor Code §§ 226 and 226.3 for failure to provide accurate itemized wage statements to Plaintiff and other aggrieved employees as herein alleged;

(f)    violation of Labor Code §§ 226.8 and 2750.3 for willful misclassification of Plaintiff and other aggrieved employees as independent contractors as herein alleged;

(g)    violation of Labor Code §§ 221, 225.5 and 450 for unlawful deductions from Plaintiff and other aggrieved employees wages;

(h)    violation of Labor Code §§ 2800 and 2802 for failing to reimburse business expenses incurred by Plaintiff and other aggrieved employees; and

(i)    violation of Labor Code §§ 1174 and 1174.5 for failure to maintain accurate and complete records showing, among other things, the hours worked daily by and the wages paid to aggrieved employees.

113.    Plaintiff is an "aggrieved employee" because he was employed by the alleged violator and had one or more of the violations committed against him, and therefore is properly suited to represent the interests of all other aggrieved employees.

114.    Plaintiff has exhausted the procedural requirements under Labor Code § 2699.3 as to Defendants and is therefore able to pursue a claim for penalties on behalf of himself and all other aggrieved employees under PAGA.

115.    Pursuant to Labor Code §§ 2699(a), 2699.3 and 2699.5, Plaintiff is entitled to recover civil penalties, in addition to other remedies, for violations of the Labor Code sections cited above.

116.    For bringing this action, Plaintiff is entitled to attorney's fees and costs incurred herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of all others similarly situated, pray for judgment against Defendants as follows:

**FIRST AMENDED CLASS ACTION COMPLAINT**

1.  For certification of the proposed Class and Waiting Time Subclass and any other appropriate subclasses under California Code of Civil Procedure § 382;

2.  For appointment of Sigifredo Perez Jr. as the class representative;

3.  For appointment of Aegis Law Firm, PC and Law Offices of Neda Aguirre, APC as class counsel for all purposes;

4.  For general damages;

5.  For special damages;

6.  For liquidated damages pursuant to California Labor Code § 1194.2;

7.  For statutory penalties to the extent permitted by law, including those pursuant to the California Labor Code and IWC Wage Orders;

8.  For injunctive relief as provided by the California Labor Code and California Business and Professions Code §§ 17200, *et seq.*;

9.  For restitution as provided by California Business and Professions Code §§ 17200, *et seq.*;

10. For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under California Business and Professions Code §§ 17200, *et seq.*;

11. For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits and penalties according to proof, including interest thereon;

12. For pre-judgment interest;

13. For civil penalties;

14. For reasonable attorney's fees and costs of suit to the extent permitted by law, including pursuant to California Code of Civil Procedure § 1021.5 and California Labor Code §§ 226(e), 1194, 2698 *et seq.*, 2802(c); and

///

///

///

**FIRST AMENDED CLASS ACTION COMPLAINT**

15.     For such other relief as the Court deems just and proper.


Dated:  August 31, 2020                    **AEGIS LAW FIRM, PC**

                                            By: _____
                                                   Alexander G. Davies
                                                   Attorneys for Plaintiff

**FIRST AMENDED CLASS ACTION COMPLAINT**

1

## CERTIFICATE OF SERVICE

2       I, the undersigned, am employed in the County of Orange, State of California. I am over
3   the age of 18 and not a party to the within action; am employed with Aegis Law Firm PC and
    my business address is 9811 Irvine Center Drive, Suite 100, Irvine, California 92618.
4       On September 1, 2020, I served the foregoing document entitled:

5   • **FIRST AMENDED CLASS ACTION COMPLAINT**
    on all the appearing and/or interested parties in this action by delivering ☐ *the original*
6   ☒ *a true copy* thereof on the party(ies) addressed below as follows:

7   R. Scott Brink
    James M. Neudecker
8   Taylor N. Burras
    JEFFER MANGELS BUTLER & MITCHELL
9   LLP
    1900 Avenue of the Stars, 71h Floor
10  Los Angeles, CA 90067
    Tel.: (310) 203-8080
11  rsb@jmbm.com
    j1n@jmbm.com
12  tnb@jmbm.com
13
    *Attorneys for Defendant:*
14  Sierra Mountain Express, Inc.

15

16  ☒     **(BY MAIL)** I am readily familiar with the firm's practice of collection and processing
              correspondence for mailing. Under that practice it would be deposited with the U.S.
17            Postal Service on that same day with postage thereon fully prepaid at Irvine, California
              in the ordinary course of business. I am aware that on motion of the party served, service
18            is presumed invalid if postage cancellation date or postage meter date is more than one
              day after date of deposit for mailing this affidavit. (*Cal Code Civ. Proc.* § 1013(a); *Fed.*
19            *R. Civ. Proc.* 5(a); *Fed. R. Civ. Proc.* 5(c).)

20  ☐     **(BY OVERNIGHT MAIL)** I am personally and readily familiar with the business
              practice of Aegis Law Firm PC for collection and processing correspondence for
21            overnight delivery, and I caused such document(s) described herein to be deposited for
              delivery to a facility regularly maintained Federal Express for overnight delivery. (*Cal*
22            *Code Civ. Proc.* § 1013(c); *Fed. R. Civ. Proc.* 5(c).)

23  ☐     **(BY ELECTRONIC TRANSMISSION)** I caused said document(s) to be served via
              electronic transmission via the above listed email addresses on the date below. (*Cal.*
24            *Code Civ. Proc.* § 1010.6(6); *Fed. R. Civ. Proc.* 5(b)(2)(E); *Fed. R. Civ. Proc.* 5(b)(3).)

25  ☐     **(BY PERSONAL SERVICE)** I delivered the foregoing document by hand delivery to
              the addressed named above. (*Cal Code Civ. Proc.* § 1011; *Fed. R. Civ. Proc.*
26            5(b)(2)(A).)

27  ///

28  ///

1      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

2

3      Executed on September 1, 2020, at Irvine, Californ

4

5                                    Andrea Drocco

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

**CERTIFICATE OF SERVICE**

EXHIBIT
"C"

1  JEFFER MANGELS BUTLER & MITCHELL LLP
   R. SCOTT BRINK (Bar No. 138644)
2  *rsb@jmbm.com*
   JAMES NEUDECKER (Bar No. 221657)
3  *jneudecker@jmbm.com*
   TAYLOR N. BURRAS (Bar No. 279744)
4  *tburras@jmbm.com*
   1900 Avenue of the Stars, 7th Floor
5  Los Angeles, California 90067-4308
   Telephone:     (310) 203-8080
6  Facsimile:     (310) 203-0567

7  Attorneys for Defendant Sierra Mountain
   Express, Inc., and Defendant William E. Scanlon
8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

              COUNTY OF SACRAMENTO
10
        GORDON D. SCHABER SACRAMENTO COUNTY COURTHOUSE
11

12 | SIGIFREDO PEREZ JR., individually and on | Case No. 34-2020-00279284
   | behalf of all others similarly situated and on |
13 | behalf of the general public, | **DEFENDANTS SIERRA MOUNTAIN,**
   | | **INC.'S AND WILLIAM SCANLON'S**
   | Plaintiffs, | **ANSWER TO COMPLAINT**
14
   | | The Hon. Richard K. Sueyoshi, Dept. 40
15 | v. |
   | | Action Filed:     May 21, 2020
16 | SIERRA MOUNTAIN EXPRESS, INC., a | Trial Date:       Not Set
   | limited liability company, and DOES 1 |
17 | through 10, inclusive, WILLIAM E |
   | SCANLON, and DOES 1 through 10, |
   | inclusive, |
18
   | Defendants. |
19

20

21        Pursuant to §§ 431.10, *et seq.*, of the California Code of Civil Procedure, Defendants

22 Sierra Mountain Express, Inc. and William Scanlon (collectively, "Defendants") hereby submit

23 their Answer to the First Amended Class Action Complaint (the "Complaint") of Plaintiff

24 Sigifredo Perez ("Plaintiff") that was filed on September 2, 2020.

25                              **GENERAL DENIAL**

26        Defendants deny generally and specifically that Plaintiff is entitled to general,

27 compensatory, liquidated, exemplary, punitive or other damages, in any amount, by reason of any

28 act or omission to act on the part of Defendants, or any agent, servant, employee or representative

of Defendants. Defendants further generally and specifically deny all class action allegations set forth in the Complaint.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Complaint, Defendants plead the following separate and affirmative defenses. Defendants reserve the right to assert additional affirmative defenses that discovery indicates are proper.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      As a separate and first affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.      As a separate and affirmative defense to the Complaint, Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

3.      As a separate and affirmative defense to the Complaint, Plaintiff's purported causes of action are barred as a result of the acts and omissions in matters relevant to the Complaint because Plaintiff has unclean hands and is therefore barred from asserting claims against Defendants. Plaintiff has committed one or more of the acts alleged against Defendants in this action.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4.      As a separate and affirmative defense to the Complaint, Plaintiff's purported causes of action are barred as Plaintiff cannot recover damages or penalties against Defendants by reason of the doctrine of laches and undue delay in giving notice of the matters alleged in the Complaint. Plaintiff unreasonably delayed in putting Defendants on notice of the claims alleged in the

6837814v4

1  Complaint and unreasonably delayed in bringing the claims alleged in the Complaint against

2  Defendants.

3  **FIFTH AFFIRMATIVE DEFENSE**

4  **(Failure to Exhaust Administrative Remedies)**

5      5.      As a separate and affirmative defense to the Complaint, Plaintiff's claims, as well as

6  the claims of the putative class, are barred, in whole or in part, by their failure to exhaust

7  administrative and internal remedies.

8  **SIXTH AFFIRMATIVE DEFENSE**

9  **(All Monies Paid; Set-off; *De Minimus*)**

10     6.      As a separate and affirmative defense to the Complaint, Plaintiff's claims, as well as

11 the claims of putative class members, are barred because any compensation and/or monies due

12 have been paid or have been overpaid.  Defendants are entitled to a credit or set-off for any

13 additional compensation and/or monies paid to Plaintiff and putative class members.  Any

14 underpayment has been reimbursed or is de minimus, and made in good faith.

15 **SEVENTH AFFIRMATIVE DEFENSE**

16 **(Good Faith)**

17     7.      As a separate and affirmative defense to the Complaint, Defendants have at all

18 relevant times acted reasonably and in good faith with respect to payment to Plaintiff and putative

19 class members for their services.

20 **EIGHTH AFFIRMATIVE DEFENSE**

21 **(Good Faith Dispute Over Wages)**

22     8.      As a separate and affirmative defense to the Complaint, Plaintiff's causes of action

23 are barred as Plaintiff and putative class members cannot recover damages or penalties under

24 PAGA or other Labor Code provision based on Defendants' alleged failure to timely pay wages to

25 the extent that there was a good faith dispute regarding any wages purportedly due.

26

27

28

DEFENDANTS SIERRA MOUNTAIN EXPRESS, INC.'S AND WILLIAM SCANLON'S ANSWER TO
COMPLAINT

68378146v4

**NINTH AFFIRMATIVE DEFENSE**

**(No Standing)**

9.     As a separate and affirmative defense to the Complaint, Plaintiff and putative class members lack standing to sue because they have not suffered actual injury as a result of the conduct alleged in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

10.     As a separate and affirmative defense to the Complaint, Plaintiff and putative class members have failed to mitigate or attempt to mitigate, if in fact any damages have been or will be sustained, and any recovery by Plaintiff or putative class members must be diminished or barred by reason thereof. To the extent that Plaintiff or putative class members believed their substantive rights were being violated during their service for Defendants and failed to notify Defendants of same, Plaintiff and putative class members should not be entitled to claim ongoing damages against Defendants due to their alleged failure to remedy a harm of which such Plaintiff and putative class members were aware but chose to remain silent.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Wage Order)**

11.     As a separate and affirmative defense, one or more of Plaintiff's claims or causes of action, as well as the claims of putative class members, are preempted or barred by the applicable industry wage order.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Preemption)**

12.     As a separate and affirmative defense to the Complaint, Plaintiff's purported causes of action are preempted and thus barred, in whole or in part, by applicable state or federal laws, statutes and/or regulations.

DEFENDANTS SIERRA MOUNTAIN EXPRESS, INC.'S AND WILLIAM SCANLON'S ANSWER TO COMPLAINT

68378146v4

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Released Claims)**

13.     The matters alleged in the Complaint are encompassed within and barred, in whole or in part, by settlement and release agreements reached by members of the putative class and Defendants that operate as a merger and bar against any further litigation on matters raised or potentially raised in connection with the settlement and release.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Res Judicata / Collateral Estoppel)**

14.     The Complaint and Plaintiff's purported causes of action alleged therein are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel as to Plaintiffs and the putative class members to the extent their claims have been adjudicated in other proceedings. These other proceedings including, without limitation, *Pablo Ventura v. Sierra Mountain Express, Inc.* (San Bernardino Case No. CIVDS 1513364) consolidated with *Jaime Garcia v. Sierra Mountain Express, Inc.* (Case No. CIVDS 1518765), and their subsequently filed arbitration, JAMS Arbitration No. 1220055029.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Reasonable Belief of No Violation)**

15.     The Complaint and Plaintiff's purported causes of action are barred because any acts or omissions of Defendants were in good faith, and Defendants had reasonable grounds for believing that there was no violation of state or federal wage and hour laws.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Independent Contractor)**

16.     As a separate and affirmative defense to the Complaint, Defendants assert that Plaintiff's causes of action fail because Plaintiff and the putative class members were not employed by Defendants at any relevant time, but were correctly classified as independent contractors and thus have no standing to sue for any violations under the California Labor Code.

DEFENDANTS SIERRA MOUNTAIN EXPRESS, INC.'S AND WILLIAM SCANLON'S ANSWER TO COMPLAINT

68378146v4

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Rest Period Violations)

17.     As a separate and affirmative defense to the Complaint, Plaintiff's claims for denial of rest breaks, as well as the claims of putative class members, fail because Plaintiff and putative class members were at all times authorized and permitted to take rest periods in accordance with the law, as they were in control of the manner in which they performed their services, but freely chose to forego or waive the rest periods.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Meal Period Violations)

18.     As a separate and affirmative defense to the Complaint, Plaintiff's claims for denial of meal periods, as well as the claims of putative class members, fail because Plaintiff and putative class members were at all times authorized and permitted to take meal periods in accordance with the law, as they were in control of the manner in which they performed their services, but freely chose to forego or waive the rest periods.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Payment; Waiver; Estoppel; Ratification; Accord and Satisfaction; Offset)

19.     As a separate and affirmative defense to the Complaint, Plaintiff claims are barred, in whole or in part, by the doctrines of payment, waiver, estoppel, ratification, accord and satisfaction, and/or offset.

## TWENTIETH AFFIRMATIVE DEFENSE

### (PAGA Claims Not Suitable for Class Action)

20.     As a separate and affirmative defense to the Complaint, Defendants allege Plaintiff and putative class members' claims for penalties under the Private Attorneys General Act, Labor Code section 2698 *et seq.* ("PAGA") cannot be reasonably managed and/or determined on a class or community-wide basis.

6

6837814 6v4

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Excessive Fines)

21.     As a separate and affirmative defense to the Complaint, Defendants assert that the Complaint, and each and every alleged cause of action therein, or some of them, are barred because the PAGA violates the prohibition against excessive fines in violation of the Eighth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution.  *See People ex rel Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies Under PAGA)

22.     As a separate and affirmative defense to the Complaint, Defendants assert that Plaintiff's causes of action fail because Plaintiff failed to exhaust his administrative remedies under PAGA, and Plaintiff failed, *inter alia*, to specify all facts and theories to support the alleged violation as required under Labor Code section 2699.3(a)(1).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Putative Class Members Are Not "Aggrieved Employees")

23.     As a separate and affirmative defense to the Complaint, Plaintiff's purported cause of action brought under PAGA is barred to the extent that he seeks to recover penalties on behalf of individuals who are not "aggrieved employees."

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Agreement to Arbitrate)

24.     As a separate affirmative defense to the Complaint and Plaintiff's purported causes of action contained therein, Defendants assert that Plaintiff's claims are barred as Defendants have an agreement to arbitrate the claims alleged in the Complaint with Plaintiffs and/or the putative class members.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Consent)

25.     As a separate and affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred from prosecuting the purported

1  causes of action set forth in the Complaint because Plaintiff, and/or the persons and/or entities

2  acting on his behalf, consented to and acquiesced in the subject conduct.

3  **<u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>**

4  **(No Penalties for Avoidance of Payment Tendered)**

5      26.    The Complaint and Plaintiff's purported causes of action alleged therein are barred

6  as Plaintiff and the putative class members cannot recover damages or penalties to the extent they

7  avoided payments tendered by Defendants.

8      WHEREFORE, Defendants pray for relief as follows:

9      1.    That the First Amended Complaint be dismissed, with prejudice and in its entirety;

10      2.    That Plaintiff take nothing by reason of this First Amended Complaint and that

11  judgment be entered against Plaintiff and in favor of Defendants;

12      3.    That Defendants be awarded the costs incurred in defending this action;

13      4.    That Defendants be granted such other and further relief as the Court may deem

14  just and proper.

15

16

17  DATED: October 5, 2020        JEFFER MANGELS BUTLER & MITCHELL LLP

18          R. SCOTT BRINK
        JAMES NEUDECKER

19          TAYLOR N. BURRAS

20

21          By:

22                  TAYLOR N. BURRAS

23          Attorneys for Defendant Sierra Mountain Express,
        Inc.

24

25

26

27

28

8

68378146v4

JMBM | Jeffer Mangels Butler & Mitchell LLP

EXHIBIT
"D"

1

2

3

4

5

6

7



FILED/ENDORSED

JUN 2 6 2020

By K. Madden, Deputy Clerk

8

9

10

## SUPERIOR COURT OF CALIFORNIA,

## COUNTY OF SACRAMENTO

11   SIGIFREDO PEREZ JR., individually and on )   No. 34-2020-00279284
     behalf of all others similarly situated and on )
12   behalf of the general public,                 )
                                                    )
13              Plaintiffs,                         )   **NOTICE OF CASE MANAGEMENT**
                                                    )   **CONFERENCE AND COMPLEX CASE**
14        v.                                        )   **MANAGEMENT PROCEDURES**
                                                    )
15   SIERRA MOUNTAIN EXPRESS, INC., a              )
     limited liability company, and DOES 1         )
16   through 10, inclusive,                         )
                                                    )   Complex Civil Dept.:  40
17              Defendants.                         )   Judge Richard K. Sueyoshi
                                                    )
18   _____)

19

20

21   **THIS NOTICE SHALL BE SERVED BY PLAINTIFF'S COUNSEL ON ALL**

22   **OTHER PARTIES. ANY PARTY WHO HEREAFTER SERVES A NEW PARTY**

23   **SHALL SERVE A COPY OF THIS NOTICE ON THE NEW PARTY ALONG WITH**

24   **THE SUMMONS AND COMPLAINT OR CROSS-COMPLAINT.**

25

26

27        1.      Pursuant to the Presiding Judge's Notice and Order of Complex Case

28   Determination, the above-referenced case has been designated as complex, assigned to this

     department for complex case management, and pre-assigned to this department for trial.  This is

                                              1

1    a *limited purpose* assignment under California Rule of Court 3.734, such that law and motion

2    matters shall be heard in Departments 53/54 per Local Rule 2.30, et seq., unless otherwise

3    directed by this Court. Motions for consolidation, severance, bifurcation, intervention and to

4    continue trial shall be heard in this department unless otherwise directed by this Court. Other

5    motions referenced in Local Rule 1.05 shall be heard by the Presiding Judge.

6        2.      The Court orders all parties to appear for a **Case Management Conference on**

7    **December 18, 2020 at 10:00 a.m., in Department 40.** Counsel who wish to appear by

8    telephone are responsible for making all CourtCall arrangements.

9        3.      The Court orders the parties to meet and confer prior to the CMC pursuant to

10   California Rule of Court 3.724. The parties' meet-and-confer session shall include discussion of,

11   among other things, the possibility of early mediation, the identification of additional potential

12   parties, and plans for discovery. All such matters shall be reported in the parties' CMC

13   Statements.

14       4.      All parties shall file CMC Statements no later than 15 calendar days prior to the

15   CMC, with a courtesy copy emailed to Dept40@saccourt.ca.gov. The Court encourages the

16   parties to file joint CMC Statements. The Court orders that in lieu of using standard form CM-

17   110, the parties may and are encouraged to prepare more descriptive case management

18   statements, providing additional information relevant to the complex case management of this

19   case. CMC statements may be filed at the main civil counter.

20       5.      Each party shall be prepared to participate effectively in the CMC, including, but

21   not limited to, being thoroughly familiar with the case and able to discuss the suitability of

22   private mediation, arbitration, and/or the use of a special master or referee.

23       6.      Should the parties stipulate and request a continuance of the CMC given the early

24   status of the case, they shall indicate such in their CMC Statements (preferably in a joint CMC

25   Statement), the reasons for such request, and the date range for which they agree to a new CMC

26   date. The Court may or may not approve such stipulated request.

27       7.      Tentative Rulings: The Court may or may not issue a tentative ruling prior to the

28   scheduled CMC. Counsel are directed to check the Court's tentative rulings after 2:00 p.m. the

                                              2

court day prior to the scheduled CMC.  Tentative rulings are posted on the Court's website at
www.saccourt.ca.gov.  If no tentative ruling is posted, the CMC will proceed as scheduled.  If a
tentative ruling is posted, unless otherwise indicated, such ruling shall become the final order of
the Court and no CMC hearing shall occur, unless counsel contacts the Court prior to 4:00 p.m.
of the same date to request a hearing and provides notice to all other parties.  In such event, the
CMC will proceed as scheduled or as otherwise indicated by the Court in its tentative ruling.

8.      Law and Motion:  As referenced above, this case has been assigned to this
department for limited purposes.  Pursuant to Local Rule 2.30, et seq., Civil Law and Motion
Departments 53/54 shall hear all law and motion matters customarily heard in such departments.
This shall include pleading motions, discovery motions and dispositive motions.  Motions for
preliminary approval and for final approval of settlement shall also be heard in Departments
53/54.  Motions regarding class certification shall be heard in Departments 53/54 unless this
Court directs that such motions may be filed in this department depending on calendaring and
other considerations.

9.      Other Motions:  Motions for consolidation, severance, bifurcation, intervention
and to continue trial shall be heard in this department unless otherwise directed by this Court.
Trial-related motions shall be heard in this department unless otherwise directed by this Court.
Other motions referenced in Local Rule 1.05 shall be heard by the Presiding Judge.

10.     Filings:  Law and Motion filings shall be made pursuant to Department 53/54
procedures.  Motions heard in this department shall be filed directly in Department 40.  Motions
that must be heard by the Presiding Judge pursuant to Local Rule 1.05 shall be filed pursuant to
Department 47 procedures.  CMC Statements may be filed at the main civil counter, with
courtesy copies emailed to Dept40@saccourt.ca.gov.

11.     Typical Case Progress:

a.   After the initial CMC or a subsequent CMC, the Court may or may not issue a
formal *Case Management Order* ("CMO").  In lieu of a formal CMO, the
Court may issue minute orders after CMCs addressing case management
topics.  The breadth of such orders may vary depending upon factors such as

3

the complexity of the case and other circumstances. The Court may issue subsequent CMOs potentially addressing topics such as discovery cut-offs, phased discovery, disclosure dates, timing of private mediation, timing of class certification motions, etc. In some cases, CMOs may be proposed by an appointed special master or referee with case management authority.

b. Pursuant to the Presiding Judge's Notice and Order of Complex Case Determination, this Court is the trial department for this case. This Court remains the trial court unless subsequently ordered otherwise. In rare instances, a case may be transferred to Department 47 for assignment to a different trial department if this Court has scheduling conflicts due to another trial or otherwise is unable to proceed with trial.

c. The Court will schedule a Trial Setting Conference at which time a precise trial date shall be set in this department. The Court will issue a *Complex Trial Setting Order* ("TSO") which shall set the Mandatory Settlement Conference in Department 59, a Final Status Conference, a Final Pre-Trial Conference, and the trial date. The TSO shall also address deadlines for trial-related tasks and filings, including motions in limine, witness and exhibit lists, proposed jury instructions, jury questionnaires, etc.

12. The following interim orders shall be in effect:

a. Plaintiff(s) shall diligently locate and serve each defendant. It is the Court's intention, by this order, that all parties shall be served in sufficient time to have made an appearance within the time allowed under law prior to attending the first CMC.

b. Counsel shall continuously ensure that they have no legal conflicts of interest as to any present or anticipated parties so that counsel may participate fully in the CMC and this case.

4

1    13.    The Court strongly encourages the parties to engage in early and meaningful

2  alternative dispute resolution.

3

4

5    **IT IS SO ORDERED.**

6

7  DATED:  June 26, 2020

8

9

10                                                     D K. SUEYOSHI
                                                       E SUPERIOR COURT
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

**CASE NUMBER: 34-2020-00279284**                    **DEPARTMENT: 40**
**CASE TITLE: SIGIFREDO PEREZ JR. V. SIERRA MOUNTAIN EXPRESS**
**PROCEEDINGS: COMPLEX TRIAL SETTING ORDER**

<u>**CERTIFICATE OF SERVICE BY MAILING**</u>
**(C.C.P. Sec. 1013a(4))**

I, the Clerk of the Superior Court of California, County of Sacramento, certify that I am not a party to this cause, and on the date shown below I served the foregoing **NOTICE OF CASE MANAGEMENT CONFERENCE AND COMPLEX CASE MANAGEMENT PROCEDURES** by depositing true copies thereof, enclosed in separate, sealed envelopes with the postage fully prepaid, in the United States Mail at 720 9th Street, Sacramento, California, 95814 each of which envelopes was addressed respectively to the persons and addresses shown below:

| | |
|---|---|
| Samuel A. Wong<br>Kashif Haque<br>Jessica L. Campbell<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618 | |

I, the undersigned deputy clerk, declare under penalty of perjury that the foregoing is true and correct.

Dated:  6/26/2020

Superior Court of California, County of Sacramento

By: _K.Madden_

K.Madden , Deputy Clerk

**DEPT**          **: 40**
**DATE**          **: 6/25/2020**
**CASE NO.**    **: 34-2020-00278994**
**CASE TITLE**  **: SIGIFREDO PEREZ JR. V. SIERRA MOUNTAIN EXPRESS, INC.**

**Superior Court of California, County of Sacramento**

**BY:     K.MADDEN,**
          **Deputy Clerk**

**Page 1 of 1**

1
2
3
4
5
6
7



8

### SUPERIOR COURT OF CALIFORNIA,

9

### COUNTY OF SACRAMENTO

10

11  SIGIFREDO PEREZ JR., individually and on )   No. 34-2020-00279284
    behalf of all others similarly situated and on )
12  behalf of the general public,               )
                                                )   **NOTICE OF CASE MANAGEMENT**
13           Plaintiffs,                        )   **CONFERENCE AND COMPLEX CASE**
                                                )   **MANAGEMENT PROCEDURES**
14       v.                                     )
                                                )
15  SIERRA MOUNTAIN EXPRESS, INC., a            )
    limited liability company, and DOES 1       )
16  through 10, inclusive,                      )   Complex Civil Dept.:  40
                                                )   Judge Richard K. Sueyoshi
17           Defendants.                        )
                                                )
18  ───────────────────────────────────

19
20

21      **THIS NOTICE SHALL BE SERVED BY PLAINTIFF'S COUNSEL ON ALL**
22  **OTHER PARTIES.  ANY PARTY WHO HEREAFTER SERVES A NEW PARTY**
23  **SHALL SERVE A COPY OF THIS NOTICE ON THE NEW PARTY ALONG WITH**
    **THE SUMMONS AND COMPLAINT OR CROSS-COMPLAINT.**
24

25

26      1.      Pursuant to the Presiding Judge's Notice and Order of Complex Case
27  Determination, the above-referenced case has been designated as complex, assigned to this
28  department for complex case management, and pre-assigned to this department for trial.  This is

1

1    a *limited purpose* assignment under California Rule of Court 3.734, such that law and motion

2    matters shall be heard in Departments 53/54 per Local Rule 2.30, et seq., unless otherwise

3    directed by this Court. Motions for consolidation, severance, bifurcation, intervention and to

4    continue trial shall be heard in this department unless otherwise directed by this Court. Other

5    motions referenced in Local Rule 1.05 shall be heard by the Presiding Judge.

6        2.      The Court orders all parties to appear for a **Case Management Conference on**

7    **December 18, 2020 at 10:00 a.m., in Department 40.** Counsel who wish to appear by

8    telephone are responsible for making all CourtCall arrangements.

9        3.      The Court orders the parties to meet and confer prior to the CMC pursuant to

10    California Rule of Court 3.724. The parties' meet-and-confer session shall include discussion of,

11    among other things, the possibility of early mediation, the identification of additional potential

12    parties, and plans for discovery. All such matters shall be reported in the parties' CMC

13    Statements.

14        4.      All parties shall file CMC Statements no later than 15 calendar days prior to the

15    CMC, with a courtesy copy emailed to Dept40@saccourt.ca.gov. The Court encourages the

16    parties to file joint CMC Statements. The Court orders that in lieu of using standard form CM-

17    110, the parties may and are encouraged to prepare more descriptive case management

18    statements, providing additional information relevant to the complex case management of this

19    case. CMC statements may be filed at the main civil counter.

20        5.      Each party shall be prepared to participate effectively in the CMC, including, but

21    not limited to, being thoroughly familiar with the case and able to discuss the suitability of

22    private mediation, arbitration, and/or the use of a special master or referee.

23        6.      Should the parties stipulate and request a continuance of the CMC given the early

24    status of the case, they shall indicate such in their CMC Statements (preferably in a joint CMC

25    Statement), the reasons for such request, and the date range for which they agree to a new CMC

26    date. The Court may or may not approve such stipulated request.

27        7.      Tentative Rulings: The Court may or may not issue a tentative ruling prior to the

28    scheduled CMC. Counsel are directed to check the Court's tentative rulings after 2:00 p.m. the

1    court day prior to the scheduled CMC. Tentative rulings are posted on the Court's website at

2    www.saccourt.ca.gov. If no tentative ruling is posted, the CMC will proceed as scheduled. If a

3    tentative ruling is posted, unless otherwise indicated, such ruling shall become the final order of

4    the Court and no CMC hearing shall occur, unless counsel contacts the Court prior to 4:00 p.m.

5    of the same date to request a hearing and provides notice to all other parties. In such event, the

6    CMC will proceed as scheduled or as otherwise indicated by the Court in its tentative ruling.

7        8.    Law and Motion: As referenced above, this case has been assigned to this

8    department for limited purposes. Pursuant to Local Rule 2.30, et seq., Civil Law and Motion

9    Departments 53/54 shall hear all law and motion matters customarily heard in such departments.

10   This shall include pleading motions, discovery motions and dispositive motions. Motions for

11   preliminary approval and for final approval of settlement shall also be heard in Departments

12   53/54. Motions regarding class certification shall be heard in Departments 53/54 unless this

13   Court directs that such motions may be filed in this department depending on calendaring and

14   other considerations.

15       9.    Other Motions: Motions for consolidation, severance, bifurcation, intervention

16   and to continue trial shall be heard in this department unless otherwise directed by this Court.

17   Trial-related motions shall be heard in this department unless otherwise directed by this Court.

18   Other motions referenced in Local Rule 1.05 shall be heard by the Presiding Judge.

19       10.   Filings: Law and Motion filings shall be made pursuant to Department 53/54

20   procedures. Motions heard in this department shall be filed directly in Department 40. Motions

21   that must be heard by the Presiding Judge pursuant to Local Rule 1.05 shall be filed pursuant to

22   Department 47 procedures. CMC Statements may be filed at the main civil counter, with

23   courtesy copies emailed to Dept40@saccourt.ca.gov.

24       11.   Typical Case Progress:

25            a.   After the initial CMC or a subsequent CMC, the Court may or may not issue a

26                 formal *Case Management Order* ("CMO"). In lieu of a formal CMO, the

27                 Court may issue minute orders after CMCs addressing case management

28                 topics. The breadth of such orders may vary depending upon factors such as

3

1 the complexity of the case and other circumstances.  The Court may issue

2 subsequent CMOs potentially addressing topics such as discovery cut-offs,

3 phased discovery, disclosure dates, timing of private mediation, timing of

4 class certification motions, etc.  In some cases, CMOs may be proposed by an

5 appointed special master or referee with case management authority.

6  b. Pursuant to the Presiding Judge's Notice and Order of Complex Case

7 Determination, this Court is the trial department for this case.  This Court

8 remains the trial court unless subsequently ordered otherwise.  In rare

9 instances, a case may be transferred to Department 47 for assignment to a

10 different trial department if this Court has scheduling conflicts due to another

11 trial or otherwise is unable to proceed with trial.

12  c. The Court will schedule a Trial Setting Conference at which time a precise

13 trial date shall be set in this department.  The Court will issue a *Complex Trial*

14 *Setting Order* ("TSO") which shall set the Mandatory Settlement Conference

15 in Department 59, a Final Status Conference, a Final Pre-Trial Conference,

16 and the trial date.  The TSO shall also address deadlines for trial-related tasks

17 and filings, including motions in limine, witness and exhibit lists, proposed

18 jury instructions, jury questionnaires, etc.

19 12. The following interim orders shall be in effect:

20  a. Plaintiff(s) shall diligently locate and serve each defendant.  It is the Court's

21 intention, by this order, that all parties shall be served in sufficient time to

22 have made an appearance within the time allowed under law prior to attending

23 the first CMC.

24  b. Counsel shall continuously ensure that they have no legal conflicts of interest

25 as to any present or anticipated parties so that counsel may participate fully in

26 the CMC and this case.

27

28

4

1       13.    The Court strongly encourages the parties to engage in early and meaningful

2  alternative dispute resolution.

3

4

5     **IT IS SO ORDERED.**

6

7  DATED: June 26, 2020

8

9

10                  HON. RICHARD K. SUEYOSHI

                                   JUDGE OF THE SUPERIOR COURT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CASE NUMBER: 34-2020-00279284**                 **DEPARTMENT: 40**
**CASE TITLE: SIGIFREDO PEREZ JR. V. SIERRA MOUNTAIN EXPRESS**
**PROCEEDINGS: COMPLEX TRIAL SETTING ORDER**

## CERTIFICATE OF SERVICE BY MAILING
### (C.C.P. Sec. 1013a(4))

I, the Clerk of the Superior Court of California, County of Sacramento, certify that I am not a party to this cause, and on the date shown below I served the foregoing **NOTICE OF CASE MANAGEMENT CONFERENCE AND COMPLEX CASE MANAGEMENT PROCEDURES** by depositing true copies thereof, enclosed in separate, sealed envelopes with the postage fully prepaid, in the United States Mail at 720 9th Street, Sacramento, California, 95814 each of which envelopes was addressed respectively to the persons and addresses shown below:

| | |
|---|---|
| Samuel A. Wong<br>Kashif Haque<br>Jessica L. Campbell<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618 | |

I, the undersigned deputy clerk, declare under penalty of perjury that the foregoing is true and correct.

Dated:   6/26/2020

Superior Court of California, County of Sacramento

By:  *K. Madden*
K.Madden , Deputy Clerk

**DEPT**        **: 40**
**DATE**        **: 6/25/2020**
**CASE NO.**    **: 34-2020-00278994**
**CASE TITLE**  **: SIGIFREDO PEREZ JR. V. SIERRA MOUNTAIN EXPRESS, INC.**

**Superior Court of California,
County of Sacramento**

BY:    **K.MADDEN,
Deputy Clerk**



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO
### SACRAMENTO, CALIFORNIA, 95814
### 916-874-5522
### WWW.SACCOURT.CA.GOV

## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION PACKAGE

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

### What is Alternative Dispute Resolution?

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences

- Private judging
- Neutral evaluation

- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

### What are the advantages of using ADR?

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

### Arbitration and Mediation

Although there are many different types of ADR processes, the types most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.** An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial.



**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference(CMC).

### ADR Procedures for the Sacramento County Superior Court

Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this information package from the Court's Website, http://www.saccourt.ca.gov, or the Superior Court Clerk. Plaintiff is required to include the ADR Information Package when he or she serves the Complaint on the Defendant.

The court's ADR Panel List is available on-line at http://www.saccourt.ca.gov or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

**Mediation**.

All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement. The parties may choose either of the following Mediation choices:

> **Private Mediation.** Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).

> **Court Mediation.** Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List). The court will confirm the selected Mediator and notice parties by mail.

> The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation. Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process; the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

<u>UNLIMITED CIVIL CASES</u>

- A *Stipulation and Order to Mediation – Unlimited Civil Cases,* Form CV\E-MED-179 *(see attached)* may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference.

- If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC. In that event, parties must submit a *Stipulation and Order to Mediation – Unlimited Civil Cases* within 14 calendar days after their CMC.

- A *Mediation Statement* must be filed with the *Case Management Statement*.

<u>LIMITED CIVIL CASES</u>

- Parties may select and conduct voluntary Private Mediation without notification to the Court.

- Parties may stipulate to court mediation by filing a Stipulation and Order to Arbitration/Mediation - Limited Civil Cases form (CV\E-203) at any time after the filing of the Limited Civil Case Status Memorandum form (CV\E-202). This form is located on the court's website at http://www.saccourt.ca.gov. A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum.



**Arbitration**

*UNLIMITED CIVIL CASES*

- Plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. Parties will be asked to select an Arbitrator and three alternate Arbitrators from the court's ADR Panel List. The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

- Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 2, Part 5. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

LIMITED CIVIL CASES

Arbitration may occur in a limited civil case under the following circumstances:

- When all parties stipulate to arbitration pursuant to Code of Civil Procedure section 1141.12. A stipulation for arbitration shall be filed using the Court's local form, Stipulation and Order to Arbitration/Mediation – Limited Civil Cases form (CV\E-203). A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum form (CV\E-202).

- When plaintiff elects to refer the case to judicial arbitration. A written election by the plaintiff to submit an action or proceeding to arbitration shall be filed using the Court's local form, Limited Civil Case Status Memorandum form (CV\E-202).

**Additional Information**

For additional information regarding the Court's ADR program, please go to the Court's website
http://www.saccourt.ca.gov.

**Superior Court of California, County of Sacramento**
720 Ninth Street Sacramento, CA 95814-1380 (916)
874-5522 — Website www.saccourt.ca.gov

## NOTICE AND ORDER OF COMPLEX CASE DETERMINATION

Case Title: *Perez v. Sierra Mountain* Case Number: 2020-279284

Having reviewed and considered the pleadings on file, the court orders:

☑ **THE CASE IS DEEMED COMPLEX** and assigned to the Honorable _SUE YOSU_ presiding in Complex Case Management Department _40_ for case management pursuant to California Rules of Court 3.750, et seq. The case is also pre-assigned for trial, and any motions for consolidation, severance, bifurcation, intervention and to continue trial shall be heard in such department unless otherwise ordered. This is a limited purpose assignment under California Rule of Court 3.734. Law and motion matters shall be heard in Departments 53/54 per Local Rule 2.30, et seq., unless otherwise directed by the Complex Case Management Department.

**This action involves one or more of the following:**

☐ Antitrust or trade regulation claims.

☐ Construction defect claims involving many parties or structures.

☐ Securities claims or investment losses involving many parties.

☐ Environmental or toxic tort claims involving many parties.

☐ Claims involving mass torts.

☑ Claims involving class actions.

☐ Insurance coverage claims arising out of any of the claims listed above.

**The action is likely to involve:**

☐ Numerous pretrial motions raising difficult or novel legal issues that will be time-consuming to resolve.

☑ Management of a large number of witnesses or a substantial amount of documentary evidence.

☐ Management of a large number of separately represented parties.

☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court.

☐ Substantial post judgment judicial supervision.

☐ Other:_____

Government Code section 70616 establishes the fees for complex cases. Pursuant to Government Code section 70616, any non-exempt party who has appeared in this action, but who has not paid the required complex case fee, is ordered to pay the fee to the clerk within ten calendar days of the filing of this order. Failure to pay the required fees shall have the same effect as the failure to pay a filing fee, and shall be subject to the same enforcement and penalties (Cal. Gov. Code § 70616(g)).

☐ **THE CASE IS DECLARED NOT COMPLEX**

Any complex case fees that the parties have previously paid pursuant to 70616(a) or (b) shall be reimbursed upon submission of a refund request together with a copy of this minute order by the paying party to the Court's Civil General Civil Processing Unit. It may be submitted by mail or placed in one of the Civil Drop Boxes located in Room 102 and the lobby of the Gordon D. Schaber Courthouse at 720 9th Street, Sacramento CA 95814.

The plaintiff is directed to serve all other parties with a copy of this order.

Date: _6/15/2020_

Presiding Judge of the Superior Court RUSSELL L. HOM
of California, County of Sacramento

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**

Gordon D Schaber Courthouse
720 Ninth STREET
Sacramento, CA 95814-1311

**SHORT TITLE:** Perez vs. Sierra Mountain Express, Inc.

| CLERK'S CERTIFICATE OF SERVICE BY MAIL (Minute Order) | CASE NUMBER:<br>34-2020-00279284-CU-OE-GDS |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the Minute Order was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at Sacramento, California, on 06/17/2020.

Clerk of the Court, by: ___/s/ C. Clausen_____ , Deputy

WONG
AEGIS LAW FIRM PC
9811 IRVINE CENTER DRIVE, SUITE 100
IRVINE, CA 92618

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 1

Code of Civil Procedure , § CCP1013(a)

**Superior Court of California, County of Sacramento**
720 Ninth Street Sacramento, CA 95814-1380 (916)
874-5522 — Website www.saccourt.ca.gov

### NOTICE AND ORDER OF COMPLEX CASE DETERMINATION

Case Title: *Perez v. Sierra Mountain* Case Number: 2020-279284

Having reviewed and considered the pleadings on file, the court orders:

☒ **THE CASE IS DEEMED COMPLEX** and assigned to the Honorable _SUE YOSH_ presiding in Complex Case Management Department _4C_ for case management pursuant to California Rules of Court 3.750, et seq. The case is also pre-assigned for trial, and any motions for consolidation, severance, bifurcation, intervention and to continue trial shall be heard in such department unless otherwise ordered. This is a limited purpose assignment under California Rule of Court 3.734. Law and motion matters shall be heard in Departments 53/54 per Local Rule 2.30, et seq., unless otherwise directed by the Complex Case Management Department.

**This action involves one or more of the following:**

☐ Antitrust or trade regulation claims.

☐ Construction defect claims involving many parties or structures.

☐ Securities claims or investment losses involving many parties.

☐ Environmental or toxic tort claims involving many parties.

☐ Claims involving mass torts.

☒ Claims involving class actions.

☐ Insurance coverage claims arising out of any of the claims listed above.

**The action is likely to involve:**

☐ Numerous pretrial motions raising difficult or novel legal issues that will be time-consuming to resolve.

☒ Management of a large number of witnesses or a substantial amount of documentary evidence.

☐ Management of a large number of separately represented parties.

☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court.

☐ Substantial post judgment judicial supervision.

☐ Other:_____

Government Code section 70616 establishes the fees for complex cases. Pursuant to Government Code section 70616, any non-exempt party who has appeared in this action, but who has not paid the required complex case fee, is ordered to pay the fee to the clerk within ten calendar days of the filing of this order. Failure to pay the required fees shall have the same effect as the failure to pay a filing fee, and shall be subject to the same enforcement and penalties (Cal. Gov. Code § 70616(g)).

☐ **THE CASE IS DECLARED NOT COMPLEX**

Any complex case fees that the parties have previously paid pursuant to 70616(a) or (b) shall be reimbursed upon submission of a refund request together with a copy of this minute order by the paying party to the Court's Civil General Civil Processing Unit. It may be submitted by mail or placed in one of the Civil Drop Boxes located in Room 102 and the lobby of the Gordon D. Schaber Courthouse at 720 9th Street, Sacramento CA 95814.

The plaintiff is directed to serve all other parties with a copy of this order.

Date: _6/15/2020_

Presiding Judge of the Superior Court    RUSSELL L. HOM
of California, County of Sacramento

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**

Gordon D Schaber Courthouse
720  Ninth STREET
Sacramento, CA 95814-1311

**SHORT TITLE:** Perez vs. Sierra Mountain Express, Inc.

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL (Minute Order)** | **CASE NUMBER:**<br>**34-2020-00279284-CU-OE-GDS** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the Minute Order was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at Sacramento, California, on 06/17/2020.

Clerk of the Court, by:  /s/ C. Clausen _____ , Deputy

WONG
AEGIS LAW FIRM PC
9811  IRVINE CENTER DRIVE, SUITE 100
IRVINE, CA 92618

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 1

V3 1013a (June 2004)                                   Code of Civil Procedure , § CCP1013(a)



SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO
720 9th Street, Room 101
Sacramento, CA 95814-1302
*www.saccourt.ca.gov*



NEOPOST          FIRST-CLASS MAIL
                      PRSRT
06/17/2020
US POSTAGE $000.46⁰

ZIP 95814
041L11258068

Jessica L. Campbell Esq.
AEGIS LAW FIRM P.C.
9811 Irvine Center Drive, Suite 100
Irvine, CA  92618

236    FAF7IMP    92618

4/

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jessica L. Campbell, Esq. SBN 280626 <br> AEGIS LAW FIRM, P.C. <br> 9811 Irvine Center Drive, Suite 100 <br> Irvine, CA 92618 | **FILED/ENDORSED** <br><br> **MAY 2 1 2020** <br><br> By: R. Gomez <br> Deputy Clerk |

TELEPHONE NO.: 949.379.6250    FAX NO.: 949.379.6251
ATTORNEY FOR *(Name):* Plaintiff Sigifredo Perez Jr.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sacramento
STREET ADDRESS: 720 Ninth Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Gordon D. Shaber Courthouse

CASE NAME:
Perez v. Sierra Mountain Express, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited <br> (Amount  (Amount <br> demanded  demanded is <br> exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | 34-2020-00279284 <br> JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* Eleven
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 21, 2020
Jessica L. Campbell
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |

BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
　Medical Malpractice—
　　Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
　Contract/Warranty Breach—Seller Plaintiff (*not fraud or negligence*)
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case—Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment (*non-domestic relations*)
　Sister State Judgment
　Administrative Agency Award (*not unpaid taxes*)
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
　Declaratory Relief Only
　Injunctive Relief Only (*non-harassment*)
　Mechanics Lien
　Other Commercial Complaint Case (*non-tort/non-complex*)
　Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

**CIVIL CASE COVER SHEET**

CIV-141

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY<br>NAME: R. Scott Brink; James M. Neudecker; Taylor N. Burras<br>FIRM NAME: Jeffer Mangels Butler & Mitchell LLP<br>STREET ADDRESS: 1900 Avenue of the Stars, 7ᵗʰ Floor<br>CITY: Los Angeles   STATE: CA   ZIP CODE: 90067<br>TELEPHONE NO.: (310) 203-8080   FAX NO.: (310) 203-0567<br>E-MAIL ADDRESS: rsb@jmbm.com; j1n@jmbm.com; tnb@jmbm.com<br>ATTORNEY FOR (Name): Defendant Sierra Mountain Express, Inc.  STATE BAR NO: 138644; 221657; 279744 | FOR COURT USE ONLY<br><br>FILED / ENDORSED<br><br>AUG 1 0 2020<br><br>By J. Gable, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 Ninth Street
MAILING ADDRESS: 720 Ninth Street
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Gordon D. Schaber Sacramento County Courthouse

PLAINTIFF/PETITIONER: Sigifredo Perez Jr.
DEFENDANT/RESPONDENT: Sierra Mountain Express, Inc.

| | |
|---|---|
| DECLARATION OF DEMURRING OR MOVING PARTY<br>IN SUPPORT OF AUTOMATIC EXTENSION | CASE NUMBER:<br>34-2020-00279284 |

1. *(Name of party)*: Defendant Sierra Mountain Express, Inc.     was served with

☒ a complaint  ☐ an amended complaint  ☐ a cross-complaint

☐ an answer  ☐ other *(specify)*:

in the above-titled action.

2. For a demurrer or motion to strike, a responsive pleading is due on *(date)*: August 13, 2020

**DECLARATION**

I intend to file a demurrer, motion to strike, or motion for judgment on the pleadings in this action. Before I can do so, I am required to meet and confer with the party who filed the pleading that I am responding to at least five days before the date when the responsive pleading is due (if I am filing a demurrer or motion to strike) and at least five days before the last day a motion for judgment on the pleadings may be filed (if I am filing a motion for judgment on the pleadings). We have not been able to meet and confer. I have not previously requested an automatic extension of time. Therefore, on timely filing and serving a declaration that meets the requirements of Code of Civil Procedure sections 430.41, 435.5, or 439, I am entitled to an automatic 30-day extension of time within which to file a responsive pleading or motion for judgment on the pleadings.

I made a good faith attempt to meet and confer with the party who filed the pleading at least five days before the date the responsive pleading was due (if I am filing a demurrer or motion to strike) and at least five days before the last day a motion for judgment on the pleadings may be filed (if I am filing a motion for judgment on the pleadings). I was unable to meet with that party because *(the reasons why the parties could not meet and confer are stated)*:

☒ *below*  ☐ *on form MC-031, Attached Declaration*

1. On August 6, 2020, I emailed Plaintiff's counsel to initiate a meet and confer pursuant to CCP § 430.41 regarding Defendant Sierra Mountain Express, Inc.'s intent to demur to certain claims asserted in the Complaint. In that email, I requested a 15-day extension for Defendant to respond to the Complaint to give the parties additional time to fully meet and confer on the issues. I did not receive any response that day.

2. On August 7, 2020, I called Plaintiff's counsel's office. Counsel was unavailable, so I left a message requesting a return call. I did not receive a response. I followed up with Plaintiff's counsel by email, advising counsel that I had not received a response to my initial email or request for a return call. I further informed counsel that, because I did not receive a response from counsel, Defendant would have an automatic 30-day extension to respond to the Complaint pursuant to CCP § 430.41(a)(2). I additionally requested counsel's availability to meet and confer during the week of August 10, 2020.

3. On the evening of August 7, I finally received an email from Plaintiff's counsel indicating availability to meet and confer on August 11 or 13, 2020. As of the filing of this declaration, we are still in the process of scheduling a time to do so.

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: August 10, 2020

Taylor N. Burras
(NAME OF PARTY OR ATTORNEY FOR PARTY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)
Attorney for Defendant Sierra Mountain Express, Inc.

Form Approved for Optional Use
Judicial Council of California
CIV-141 [Rev. January 1, 2019]

**DECLARATION OF DEMURRING OR MOVING PARTY
IN SUPPORT OF AUTOMATIC EXTENSION**

Page 1 of 1
Code of Civil Procedure,
§§ 430.41, 435.5, 439
www.courts.ca.gov

6

American LegalNet, Inc.
www.FormsWorkFlow.com

## PROOF OF SERVICE

### *Sigifredo Perez Jr. v. Sierra Mountain Express, Inc.*
### *34-2020-00279284*

### STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Francisco, State of California.  My business address is Two Embarcadero Center, 5th Floor, San Francisco, CA 94111-3813.

On August 10, 2020, I served true copies of the following document(s) described as

**DECLARATION OF DEMURRING OR MOVING PARTY IN SUPPORT OF AUTOMATIC EXTENSION**

as follows:

**Jessica L. Campbell**
**AEGIS LAW FIRM, PC**
**9811 Irvine Center Drive, #100**
**Irvine, CA 92618**

*Attorney for Plaintiff*

**[X] BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Jeffer Mangels Butler & Mitchell LLP for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 10, 2020, at San Francisco, California.

Alyssa Weatherford