JEFFER MANGELS BUTLER & MITCHELL LLP
R. SCOTT BRINK (Bar No. 138644)
*rsb@jmbm.com*
JAMES M. NEUDECKER (Bar No. 221657)
*jneudecker@jmbm.com*
TAYLOR N. BURRAS (Bar No. 279744)
*tburras@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:    (310) 203-8080
Facsimile:    (310) 203-0567

Attorneys for Defendant and Counterclaimant
Sierra Mountain Express, Inc., and Defendant
William E. Scanlon

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| SIGIFREDO PEREZ JR., individually and on behalf of all others similarly situated and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SIERRA MOUNTAIN EXPRESS, INC., a limited liability company, WILLIAM E SCANLON, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:20-CV-02003-JAM-JDP<br><br>Before the Honorable John A. Mendez<br><br>**DEFENDANT AND COUNTERCLAIMANT SIERRA MOUNTAIN EXPRESS, INC.'S COUNTERCLAIM** |
| SIERRA MOUNTAIN EXPRESS, INC., a Nevada corporation,<br><br>Counterclaimant,<br><br>v.<br><br>SIGIFREDO PEREZ, an individual,<br><br>Counter-Defendant. | |

Pursuant to Federal Rule of Civil Procedure 13, Defendant Sierra Mountain Express, Inc. ("SME") asserts the following Counterclaim against Plaintiff Sigifredo Perez Jr. ("Perez").

### PARTIES

1. SME is a Nevada corporation, with a principal place of business at 1140 Suncast Lane, El Dorado Hills, CA 95762.

2. Upon information and belief, Perez is an individual residing in Kern County, California.

### JURISDICTION AND VENUE

3. This Court has supplemental jurisdiction over SME's counterclaim because the Court has original jurisdiction over Perez's Complaint pursuant to 28 U.S.C. § 1331, and SME's counterclaim is an action "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. §1367(a).

4. This Court has personal jurisdiction over Perez because he is domiciled within the State of California.

5. Venue is proper in the United States District Court for the Eastern District of California because Perez filed his action in the Superior Court of the State of California, County of Sacramento, which is located within this District, and Defendant William E. Scanlon ("Scanlon") properly removed the action to this District. 28 U.S.C. § 1446(a); *see also* 28 U.S.C. § 84(b); *Martensen v. Koch*, 942 F. Supp. 2d 983, 998 (N.D. Cal. 2013) ("courts in this District have applied the pendent venue doctrine, which holds that if venue is proper on one claim, the court may find pendent venue for claims that are closely related").

### FACTUAL BACKGROUND

6. On May 21, 2020, Perez, individually and on behalf of all persons similarly situated, filed a Class Action Complaint in the Superior Court of California, County of Sacramento, Case No. 34-2020-00279284 (the "Complaint"), naming SME as the sole Defendant.

7. On September 2, 2020 Perez filed a First Amended Class Action Complaint (the "FAC"), adding William E. Scanlon ("Scanlon") as a Defendant. Scanlon is the President and Chief Executive Officer of SME.

8. On October 6, 2020, Scanlon removed Perez's action to this Court.

9. In his FAC, Perez alleges that he and other members of the putative class "were misclassified as independent contractors" by SME. *See* FAC, ¶ 1.

10. SME is engaged in the business of arranging for the transport of new automobiles on behalf of various auto manufacturers. The new automobiles are transported by independently contracted drivers operating large tractor trailers between various terminals, auto dealerships, and/or ports located throughout California and outside of California. At all relevant times, Perez was one such owner/operator of a truck who provided auto transport services to SME pursuant to an Independent Contractor Equipment Lease Agreement.

11. The most recent Independent Contractor Equipment Lease Agreement between Perez and SME contains the following provision:

> 15.5. <u>Reclassification</u>. THIS AGREEMENT GENERALLY, AND VARIOUS PROVISIONS THROUGHOUT SPECIFICALLY, REFLECT THAT CONTRACTOR IS AN INDEPENDENT CONTRACTOR, NOT AN EMPLOYEE OF CARRIER. THEREFORE: Notwithstanding Paragraph 15.1 of this Agreement and not subject to the limits of Paragraph 15.2 of this Agreement, Contractor agrees to indemnify and hold Carrier harmless from all reasonable attorneys' fees and litigation expenses Carrier incurs in defending against any claims, suits, actions, or administrative proceedings brought by Contractor, Contractor's owner (if any), or any employees or other personnel engaged by Contractor to perform services under this Agreement – or, at Contractor's instance or with Contractor's consent, by any union or other private organization or member of the public – that allege that Contractor or any of Contractor's workers, is an employee of Carrier, but fail to result in any final (upon completion of all appeals or the running of all applicable appeal periods) judicial or administrative decision holding the allegation to be true.

## CAUSE OF ACTION 1 – DECLARATORY RELIEF

12. SME restates and incorporates by reference all allegations above.

13. The Declaratory Judgment Act provides that: "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

14. The fundamental requirements to state a claim for declaratory relief are: (i) an actual controversy; (ii) regarding a matter within federal court subject matter jurisdiction. *Calderon v. Ashmus*, 523 U.S. 740, 744 (1998).

15.     Here, an actual controversy exists between Perez, on the one hand, and SME, on the other hand.  Perez contends that he was "misclassified as an independent contractor" by SME, and that at all relevant times he was actually an SME employee for purposes of the claims asserted in his FAC.  By contrast, SME contends that Perez was not "misclassified as an independent contractor," and at all relevant times Perez was not an SME employee.  SME further contends that under the Independent Contractor Equipment Lease Agreement between Perez and SME, Perez must indemnify and hold harmless SME from all reasonable attorneys' fees and litigation expenses upon his failure to obtain a judicial decision that he was, at all relevant times, an SME employee as alleged.  On information and belief, Perez contends that he need not indemnify and hold harmless SME from all reasonable attorneys' fees and litigation expenses upon his failure to obtain a judicial decision that he was, at all relevant times, an SME employee.

16.     This Court has supplemental jurisdiction over SME's counterclaim because the Court has original jurisdiction over Perez's Complaint pursuant to 28 U.S.C. § 1331, and SME's counterclaim is an action "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. §1367(a).

17.     In short, SME seeks a judicial declaration that under the Independent Contractor Equipment Lease Agreement between Perez and SME, upon SME successfully defending against Perez's allegation that he was "misclassified as an independent contractor," Perez is liable for SME's reasonable costs and attorneys' fees in defending the action.

## PRAYER FOR RELIEF

Wherefore, SME prays for judgment as follows:

1.     A judicial declaration that under Independent Contractor Equipment Lease Agreement between Perez and SME, upon Perez's failure to obtain a judicial decision that he was

/ / /

/ / /

/ / /

/ / /

/ / /

1  "misclassified as an independent contractor," Perez is liable for SME's reasonable costs and
2  attorneys' fees.

4  DATED: October 9, 2020           JEFFER MANGELS BUTLER & MITCHELL LLP
                                    R. SCOTT BRINK
5                                   JAMES NEUDECKER
                                    TAYLOR N. BURRAS

8                                   By: _____
                                           JAMES NEUDECKER
9                                   Attorneys for Defendant and Counterclaimants
                                    Sierra Mountain Express, Inc.