UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIGIFREDO PEREZ JR., an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIERRA MOUNTAIN EXPRESS INC., a limited liability company; WILLIAM E. SCANLON, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | No.  2:20-cv-02003-JAM-JDP<br><br>**ORDER GRANTING MOTION TO REMAND** |

This matter is before the Court on Sigifredo Perez Jr.'s ("Plaintiff") Motion to Remand. Mot. to Remand ("Mot."), ECF No. 11. Sierra Mountain Express, Inc. and William Scanlon ("Defendants") filed an opposition, Opp'n, ECF No. 16, to which Plaintiff replied, Reply, ECF No. 17. For the reasons set forth below, the Court GRANTS Plaintiff's Motion to Remand.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for January 12, 2021.

1

I.   BACKGROUND

Defendant Sierra Mountain Express ("SME") is a federally licensed motor carrier engaged in the business of transporting new automobiles on behalf of various auto-manufacturers. Not. of Removal ¶¶ 12,15, ECF No. 1. Defendant William Scanlon is SME's President and Chief Executive Officer. Id. at ¶ 12. SME uses independent contractors to transport automobiles throughout California and interstate. Id. at ¶ 13. Plaintiff is one such individual who transported automobiles for SME. Id. at ¶ 14.

On May 21, 2020, Plaintiff filed a wage and hour class action complaint against Defendant SME in Sacramento County Superior Court. See Compl., Ex. A to Not. of Removal. Plaintiff added William Scanlon as a defendant when he filed an amended complaint. See First Amended Compl. ("FAC"), Ex. B to Not. of Removal. Plaintiff brings eleven state law claims against Defendants for: (1) failure to pay minimum wages, (2) failure to provide meal periods, (3) failure to permit paid rest breaks, (4) failure to pay all wages to piece-rate workers for time spent in rest breaks, (5) failure to pay wages upon separation of employment, (6) failure to pay wages within the required time, (7) failure to provide accurate itemized wage statements, (8) failure to reimburse necessary business expenses, (9) failure to refrain from unlawful deductions, (10) violation of California Business and Professions Code § 17200 *et seq.*, and (11) Enforcement of Labor Code § 2698 *et seq.* FAC ¶¶ 37-116.

On October 6, 2020, Defendants filed a Notice of Removal, invoking this Court's federal question jurisdiction. Not. of Removal at 2 (citing to 28 U.S.C. § 1331). Although Plaintiff

2

has pled only state law claims, Defendants removed on the grounds that Plaintiff's second, third, and fourth causes of action are preempted by the Motor Carrier Safety Act of 1984 ("MCSA").  Id. at ¶¶ 17-24.  In response, Plaintiff filed this motion to remand. See Mot.

## II.   OPINION

### A.   Legal Standard

Under 28 U.S.C. § 1441, a defendant may remove a civil action from state to federal court if there is subject matter jurisdiction over the case.  See City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997).  Courts strictly construe the removal statute against removal and federal jurisdiction must be rejected if there is any doubt as to the right of removal.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009)("[A]ny doubt about the right of removal requires resolution in favor of remand.")  The party seeking removal bears the burden of establishing jurisdiction. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

Courts have federal question jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Removal pursuant to § 1331 is governed by the "well-pleaded complaint rule," which provides that federal question jurisdiction exists only when "a federal question is presented on the face of plaintiff's properly pleaded complaint."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  An "independent corollary to the well-

1  pleaded complaint rule" is the "complete pre-emption doctrine."
2  Id. at 393 (internal quotation marks and citation omitted).
3  That doctrine provides a basis for federal question jurisdiction
4  when a federal statute has "such extraordinary pre-emptive
5  power" that it "converts an ordinary state common law complaint
6  into one stating a federal claim for purposes of the well-
7  pleaded complaint rule." Retail Prop. Trust v. United Bhd. of
8  Carpenters & Joiners of Am., 768 F.3d 938, 947 (9th Cir. 2014).
9  When complete preemption applies, a defendant may remove the
10 preempted state law claims to federal court. Beneficial Nat'l
11 Bank v. Anderson, 539 U.S. 1, 8 (2003).
12      B.   Analysis
13      The parties dispute whether federal question jurisdiction
14 exists to support the removal of this case from state court.
15 Defendants acknowledge Plaintiff has only pled state-law claims,
16 but argue the Court nevertheless has federal jurisdiction over
17 this lawsuit because complete preemption applies. Opp'n at 3-9.
18 Specifically, Defendants argue that three of Plaintiff's state
19 law claims — the second, third, and fourth causes of action for
20 failure to provide meal and rest breaks — fall squarely within
21 the scope of the Federal Motor Carrier Safety Administration's
22 ("FMCSA") Hours of Service Regulations — regulations that
23 effectuate the MCSA — and thus are completely preempted by the
24 MCSA. Opp'n at 1. Plaintiff, on the other hand, argues that
25 the preemption at issue here is merely "ordinary preemption," an
26 anticipated defense that is insufficient to confer federal
27 question jurisdiction. Mot. at 2-3; Reply at 1. As explained
28 below, the Court agrees with Plaintiff that only ordinary

4

preemption, not complete preemption, applies here and that ordinary preemption does not provide grounds for removal.

The complete preemption doctrine applies only in select cases where the federal statute at issue has such "extraordinary pre-emptive power" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Retail Prop. Trust, 768 F.3d at 947. The Supreme Court has identified only a few federal statutes whose preemptive force is so extraordinary: (1) The Labor Management Relations Act ("LMRA"), 29 U.S.C. Section 186(a), see Avco Corp v. Aero Lodge No. 735, 390 U.S. 557 (1968); (2) the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1001 et seq., see Metro Life Ins. Co. v. Taylor, 481 U.S. 58 (1987); and (3) the National Bank Act, 12 U.S.C. Sections 85-86, see Beneficial Nat'l Bank v. Anderson, 539 U.S. 1 (2003). The Ninth Circuit has likewise explained that there are only a "handful of 'extraordinary' situations where even a well-pleaded state law complaint will be deemed to arise under federal law for jurisdictional purposes." Holman v. Laulo-Rowe Agency, 994 F.2d 666, 668 (9th Cir. 1993).

By contrast, ordinary preemption will not support removal jurisdiction if a plaintiff chooses to frame his claim based solely on state law, and preemption is raised only as a defense by the defendant. Metro. Life, 481 U.S. at 63. Under ordinary preemption, Congress preempts state law as the substantive law of the case, but does not preempt state remedies and does not deprive state courts of jurisdiction. See Retail Prop. Trust, 768 F.3d at 947-948 (explaining the difference between complete

preemption and ordinary preemption and the jurisdictional consequences of each).  "The fact that a defendant might ultimately prove that a plaintiff's claims are preempted under [federal law] does not establish that they are removable to federal court." Caterpillar, 482 U.S. at 398.

    Here Defendants argue that the MCSA is a statute with such extraordinary preemptive force that the application of complete preemption doctrine is warranted.  Opp'n at 3-5.  However, Defendants have not provided the Court with any caselaw, binding or otherwise, in which another federal court has found the MCSA to have such force.  Defendants first cite to Peters v. Union Pac. R.R. Co., 80 F.3d 257 (8th Cir. 1996), a non-binding Eighth Circuit case that considered the Federal Railroad Safety Act, not the MCSA.  Opp'n at 3-4.  Defendants then cite to Ctr. for Bio-Ethical Reform, Inc. v. City & Cty. of Honolulu, 455 F.3d 910 (9th Cir. 2006), a case concerning Federal Aviation Administration regulations not the MCSA and about ordinary preemption not complete preemption; indeed, the Ctr. for Bio-Ethical Reform Court did not mention complete preemption once.  Opp'n at 5-7.  Additionally, Defendants refer the Court to a discussion of complete preemption by Section 301 of the LMRA in Harper v. San Diego Transit Corp., 764 F.2d 663, 666 (9th Cir. 1985).  Opp'n at 7.  But, the discussion in Harper about the LMRA, which as noted above the Supreme Court has already identified as a statute with extraordinary preemptive force, does not further Plaintiff's arguments about the MCSA likewise having such force.

    In sum, none of Defendants' cases provide this Court with

authority to find the MCSA as having such extraordinary preemptive power that the application of complete preemption is warranted.  Further, Plaintiff has brought forth persuasive authority in support of its position that the MCSA and related FMCSA regulations do not completely preempt California state labor law claims.  See Delgado v. Lincoln Transp. Serv., Inc., 2019 WL 7208416 (C.D. Cal. Dec. 27, 2010) (remanding plaintiff's wage and hour class action against defendant-transportation-company where defendant did not meet its burden of establishing complete preemption of plaintiff's California Labor Code claims). In the absence of any caselaw supporting Defendants' contention that the MCSA should be added to the short list of statutes with extraordinary preemptive force, this Court declines to make such a finding.

    Because the Court finds the MCSA is not a statute with extraordinary preemptive force, Defendants' argument for removal jurisdiction based on complete preemption fails. Defendants' preemption arguments, see Opp'n at 3-8, go to their anticipated defense against Plaintiff's three claims for failure to provide meal and rest breaks.  But, "the fact that a defendant might ultimately prove that a plaintiff's claims are preempted under [federal law] does not establish that they are removable to federal court." Caterpillar, 482 U.S. at 398.  This case may not be removed to federal court on the basis of the anticipated defense of preemption.  Id. at 393 ("A case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the

7

federal defense is the only question truly at issue.")

Because ordinary preemption is not a proper ground for removal and because Defendant raises no other grounds for removal jurisdiction, Defendant has not met its burden of establishing federal jurisdiction.

C.  Supplemental Jurisdiction

The Court "may decline to exercise supplemental jurisdiction over a related state claim if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c).  Plaintiff's second, third, and fourth claims are the only claims over which Defendants argue the Court has original jurisdiction. Given the Court's finding that it does not have original jurisdiction over these three claims, it also refuses to exercise supplemental jurisdiction over Plaintiff's remaining claims.

### III.  ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Remand this case to the Sacramento County Superior Court.

IT IS SO ORDERED.

Dated: January 11, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE